1. Constitutional Law—Due Process—Statute—Vagueness.

The terms of a statute or ordinance must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties and to guide judges and juries in the fair administration of the statute or ordinance without resort to speculation or conjecture.

2. Constitutional Law—Due Process—Statute—Vagueness.

The requirement that a statute be definite demands no more than a reasonable degree of certainty.

3. Constitutional Law — Due Process — Statute — Vagueness — Construction.

A criminal statute will not be held void for uncertainty if any reasonable and practical construction can be given its language; if the general class of offenses at which the statute is aimed can be made constitutionally definite by reasonable construction, it is the court's duty to give the statute that construction.

References for Points in Headnotes
[1–4, 6]  16 Am Jur 2d, Constitutional Law § 552.
[5]  12 Am Jur 2d, Breach of Peace §§ 3, 6.

4. Constitutional Law — Due Process — Statute — Vagueness — Noise — Disturbance.

> Ordinance making it unlawful to "make or assist in making any noise, disturbance, trouble or improper diversion, or any rout or riot, by which the peace and good order of the city are disturbed," may reasonably be construed to proscribe noisy parties without interfering with the exercise of constitutionally protected rights (City of Dearborn Heights Ordinance No. H-63-6[2.5]).

5. Words and Phrases—Breach of the Peace—Definition.

> A "breach of the peace" is any intentional violation of the natural right of all persons in a political society to the tranquillity enjoyed by citizens of a community where good order reigns among its members.

6. Constitutional Law — Due Process — Statute — Vagueness — Breach of the Peace.

> The fact that an ordinance prohibiting disturbing the peace requires a determination of the question of what constitutes an unreasonable disturbance is not sufficient to render the ordinance too vague to establish a practical guide to permissible conduct (City of Dearborn Heights Ordinance No. H-63-6 [2.5]).

Appeal from Wayne, John B. Swainson, J. Submitted Division 1 November 13, 1968, at Detroit. (Docket No. 4,593.) Decided April 23, 1969.

Nancy Ruth Bellock was convicted of creating a disturbance in violation of a Dearborn Heights city ordinance. Defendant appeals. Affirmed.

*Duane Dunick,* Corporation Counsel, and *Theodore Monolidis,* Assistant Corporation Counsel, for plaintiff.

*Jesse R. Odom* and *Winston Wheaton,* Wayne County Suburban Legal Aid Services, for defendant.

BEFORE: Lesinski, C. J., and J. H. Gillis and W. J. Beer,* JJ.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

J. H. Gillis, J.  Defendant was charged with violation of Dearborn Heights ordinance No. H–63–6 (2.5):

"Any person or persons who shall make or assist in making any noise, disturbance, trouble or improper diversion, or any rout or riot, by which the peace and good order of the city of Dearborn Heights are disturbed, shall be guilty of a breach of the peace, and disorderly conduct."

The warrant charged that defendant on May 29, 1967:

"Was then and there making and/or assisting in making a noise, disturbance and improper diversion in a certain place, to-wit: 5620 Kingston, by then and there having a loud party whereby the peace and good order of the city of Dearborn Heights was disturbed."

A trial in the municipal court resulted in a conviction which defendant appealed to the Wayne county circuit court where a *de novo* trial was held. Defendant was again convicted.

On appeal defendant poses the following questions for our determination:

(1) Does the Dearborn Heights ordinance No. H–63–6(2.5) define a breach of peace with the specificity requisite to the provision of that ascertainable standard of conduct required by the mandates of the Fourteenth Amendment to the Constitution of the United States?

(2) Does Dearborn Heights ordinance No. H–63–6 (2.5) sweep within its prohibitions the exercise of rights secured by the First Amendment of the Constitution of the United States, thereby rendering the ordinance void, both by reason of being susceptible to improper application, and as a continuous and

pervasive prior restraint on the exercise of these rights?

Testimony at trial disclosed that loud music was emanating from the premises and beer bottles were broken on the pavement adjacent to the premises on the date set forth in the complaint. Further testimony disclosed that the defendant was the only adult person living in the premises and was present when the conduct complained of occurred. For the purposes of this appeal defendant does not dispute the above facts.

A penal ordinance must have an ascertainable standard of guilt. *Herndon* v. *Lowry* (1937), 301 US 242 (57 S Ct 732, 81 L Ed 1066); *Winters* v. *New York* (1948), 333 US 507 (68 S Ct 665, 92 L Ed 840). The terms of such an ordinance must be sufficiently explicit to inform those who are subject to it as to what conduct on their part will render them liable to its penalties and to guide judges and juries in the fair administration of the ordinance without resort to speculation and conjecture. *Herndon* v. *Lowry, supra; Musser* v. *Utah* (1948), 333 US 95 (68 S Ct 397, 92 L Ed 562); *Boyce Motor Lines, Inc.* v. *United States* (1952), 342 US 337 (72 S Ct 329, 96 L Ed 367).

What does it mean, therefore, to "make or assist in making any noise, disturbance, trouble or improper diversion, or any rout or riot, by which the peace and good order of the city of Dearborn Heights are disturbed." Defendant attacks the language as being unconstitutionally vague, uncertain, indefinite and violative of due process in that it encompasses within its proscriptions constitutionally protected rights of free speech, free assembly, et cetera. See *Cox* v. *Louisiana* (1965), 379 US 536 (85 S Ct 453, 13 L Ed 2d 471); *Ashton* v. *Kentucky* (1966), 384 US 195 (86 S Ct 1407, 16 L Ed 2d 469).

Defendant urges, therefore, that the ordinance is void on its face and that any conviction under the ordinance is also void. Consequently the details of the offense charged are irrelevant because it is the ordinance, standing alone, which violates due process and not its application to a particular set of facts. See *Lanzetta* v. *New Jersey* (1939), 306 US 451 (59 S Ct 618, 83 L Ed 888). However, unlike most of the cases in which the void-for-vagueness doctrine has been applied, we are dealing here, not with a constitutionally protected activity, but with a loud and raucous party.

The requisite of definiteness demands no more than a reasonable degree of certainty. *Boyce Motor Lines, Inc.* v. *United States, supra.* As stated in 21 Am Jur 2d, Criminal Law, § 17:

"The requisite certainty may sometimes be supplied by materials outside the statutory definition of the offense. Thus, in the case of a statute that deals with offenses difficult to define, the entire text of the statute or the subject dealt with may furnish an adequate standard of definiteness. Words or phrases which might be indefinite in one of their possible senses will not invalidate the statute where they have a well settled common-law or technical meaning which can be employed. Where a statutory offense corresponds to a common-law offense, it is sufficiently certain without any definition, since the common-law definition may be employed even in a jurisdiction which has no common-law offenses as such. And the definiteness requirement is sometimes stated in such a way as to suggest that it is applicable only where the statute creates an offense which was not a crime at a common law.

"A criminal statute will not be held void for uncertainty if any reasonable and practical construction can be given its language. And if the general class of offenses at which it is aimed can be made constitutionally definite by reasonable construction,

the court's duty is to give the statute that construction."

The ordinance in question may reasonably be construed to proscribe offensive parties without interfering with the exercise of constitutionally protected rights.

"Courts cannot by construction correct an ordinance so vague and uncertain as to fail to prescribe a rule of action. However, it is well settled that courts will not by construction defeat the purpose and objects intended by an ordinance, if it is sufficiently definite to be understood with reasonable certainty. Judicial construction may insert words that reason and established rules of construction demand be inserted, in order to make an ordinance certain and definite. Furthermore, it is self-evident that there is no formula, or 'hard and fast rule determining whether or not any given ordinance is void for indefiniteness. The rule of reason must be applied to every case as it arises. Wide latitude must be left to the city authorities in the framing of city ordinances'." 5 McQuillin, Municipal Corporations (3d ed), § 15.24.

A "breach of the peace" has been defined in Michigan as any intentional violation of the natural right of all persons in a political society to the tranquillity enjoyed by citizens of a community where good order reigns among its members. *Davis v. Burgess* (1884), 54 Mich 514. Such a disturbance must be outside the ordinary course of human conduct and a usual noise or one not calculated to create a nuisance or disturbance cannot be penalized under the ordinance. Violations of the ordinance, therefore, must be restricted to intentional, unreasonable disturbances. The effective exercise by the municipality of its legitimate interest in the preservation of peace and order prohibits a more specific defini-

tion.   That a determination of the question of reasonableness may, on occasion, be required is not sufficient to render the ordinance too vague to establish a practical guide to permissible conduct.

"The offense consists in voluntary and not involuntary conduct or that necessary for the protection of a person or his property.   Whether or not a given act or state of conduct amounts to a breach of the peace depends upon the circumstances attending the act or conduct, such as the identities and relationships of the complaining and accused parties and the occasion for the act or conduct."   6 McQuillin, Municipal Corporations (3d ed), § 24.101.

In this case, defendant's right to use her own property to give a loud party is subordinate to the right of society that she should so use it as not to violate any of those rules of decency on which the peace and comfort of those in the vicinity largely depends.   See 12 Am Jur 2d, Breach of the Peace, § 13.   We are not of the opinion that the ordinance is void on its face or is unconstitutionally vague or uncertain when applied to the facts of this case.

Affirmed.

All concurred.