PEOPLE *v.* PURIFOY

Opinion of Lesinski, C. J.

1. Constitutional Law—Criminal Statutes—Vagueness—Standards.

  *A penal statute is unconstitutional as vague or indefinite where the provisions of the statute are not sufficiently definite to give reasonable notice of the prohibited conduct or to apprise judge and jury of standards for determination of guilt; if a statute is so obscure that men of common intelligence must necessarily guess at its meaning and differ as to its applicability, the statute is unconstitutional.*

2. Constitutional Law — Criminal Statutes — Overbreadth — Standard.

  *A statute is unconstitutional as overbroad if the language of the statute, when given its normal meaning, is so broad that its sanctions may apply to conduct protected by the Constitution.*

3. Criminal Law—Exciting a Contention—Constitutional Law—Overbreadth.

  *The words "excite any contention" must be excised from the statute proscribing the making or exciting a disturbance or contention because the constitutionally-protected expression of ideas, which are offensive to others, may excite strong or possibly violent opposition and result in the proscribed activity (MCLA § 750.170).*

4. Criminal Law—Making a Disturbance or Contention—Constitutional Law—Overbreadth.

  *A general verdict of guilty of exciting a disturbance or contention must be reversed because the verdict does not specify*

---

References for Points in Headnotes

[1, 2] 16 Am Jur 2d, Constitutional Law § 552.
[3–5] 16 Am Jur 2d, Constitutional Law § 196.
[6] 50 Am Jur, Statutes § 217 *et seq.*

*whether the defendant was involved in a "disturbance" or a "contention" and because "exciting a contention" encompasses constitutionally-protected rights (MCLA § 750.170).*

5. CRIMINAL LAW—MAKING A DISTURBANCE—CLEAR AND PRESENT DANGER.

*Statute proscribing exciting any disturbance may be enforced only where the activity to be punished is shown to present a clear and present danger of riot, disorder, interference with traffic, or a threat to public safety; something less than a threat of violence which merely interferes with and causes irritation of others may not be the basis for conviction under the statute (MCLA § 750.170).*

OPINION OF THE COURT

6. CRIMINAL LAW—MAKING A DISTURBANCE—CLEAR AND PRESENT DANGER.

All prosecutions under the statute proscribing making a disturbance do not require a showing of a clear and present danger of riot, disorder, interference with traffic, or a threat to public safety.

Appeal from Recorder's Court of Detroit, John L. Kadela, J. Submitted Division 1 April 6, 1971, at Detroit. (Docket No. 9498.) Decided June 22, 1971. Leave to appeal denied, 386 Mich 760.

Mack Purifoy was convicted of making or exciting a disturbance or contention. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Boyle,* Assistant Prosecuting Attorney, for the people.

*Hugh M. Davis, Jr. (James R. Short,* of counsel), for defendant.

Before: Lesinski, C. J., and V. J. Brennan and Danhof, JJ.

Lesinski, C. J. Defendant, Mack Purifoy, was arrested after he was seen throwing a rock at police officers on the scene of a public disorder and was convicted by a judge, sitting without a jury, of making or exciting a disturbance or contention. MCLA § 750.170 (Stat Ann 1962 Rev § 28.367). He appeals as of right claiming the statute under which he was convicted is unconstitutionally vague and overbroad.

The distinction between a challenge of vagueness and a challenge of overbreadth is well stated in *Landry* v. *Daley* (ND Ill, 1968), 280 F Supp 938, 951:

"The concept of vagueness or indefiniteness rests on the constitutional principle that procedural due process requires fair notice and proper standards for adjudication. The primary issues involved are whether the provisions of a penal statute are sufficiently definite to give reasonable notice of the prohibited conduct to those who wish to avoid its penalties and to apprise judge and jury of standards for the determination of guilt. If the statute is so obscure that men of common intelligence must necessarily guess at its meaning and differ as to its applicability, it is unconstitutional.

"The concept of overbreadth, on the other hand, rests on principles of substantive due process which forbid the prohibitions of certain individual freedoms. The primary issue is not reasonable notice or adequate standards, although these issues may be involved. Rather the issue is whether the language of the statute, given its normal meaning, is so broad that its sanctions may apply to conduct protected by the Constitution."

It is in this context that we review defendant's claim of error.

The statute provides: ·

"Any person who shall make or excite any disturbance or contention in any tavern, store or grocery, manufacturing establishment or any other business place or in any street, lane, alley, highway, public building, grounds or park, or at any election or other public meeting where citizens are peaceably and lawfully assembled, shall be guilty of a misdemeanor." MCLA § 750.170 (Stat Ann 1962 Rev § 28.367).

The claim that the statute in question is overly broad was heard in *Detroit Metropolitan Welfare Rights Organization* v. *Cahalan,* Civil No 34006 (ED Mich, May 29, 1970), an unpublished opinion of a special three-judge panel in Federal court, where it was held that the words "excite any contention" must be read out of the statute. The basis for the decision was the holding in *Bachellar* v. *Maryland* (1970), 397 US 564 (90 S Ct 1312, 25 L Ed 2d 570), that public expression of ideas may not be prohibited merely because the ideas are themselves offensive to others. Accordingly, the three-judge panel reasoned that since peaceful protest activity which excites strong or possibly violent opposition from others may be proscribed by use of the words "excite any contention", the excising was necessary to save the statute.

In the case at bar, the trial judge rendered a general verdict of guilty without specifying whether defendant was involved in a "disturbance" or a "contention". Since the conviction may have rested upon an unconstitutional basis, we are constrained to reverse and remand for new trial. *Bachellar* v. *Maryland, supra.* However, excising of the words

"excite any contention" from the statute and remanding for new trial does not settle the claim of vagueness of the balance of the statute.[1]

The three-judge panel in *Detroit Metropolitan Welfare Rights Organization* v. *Cahalan, supra,* expressly approved of the holding in *People* v. *Weinberg* (1967), 6 Mich App 345, where this Court held the statute in question could properly be applied against a group of demonstrators interfering with the business of a savings and loan institution by blocking traffic in the building. The writer of this opinion also signed the opinion in *People* v. *Weinberg, supra,* and now wishes to confess his error insofar as the definitional language there employed implies that something less than a threat of violence which merely interferes with and causes irritation of others may be the sole basis for conviction under the statute. Recent decisions from

---

[1] We decline to review the balance of the statute in terms of overbreadth. Defendant does not claim that throwing rocks is a constitutionally-protected activity. While it is possible to imagine extreme circumstances in which the statute might have heretofore threatened the exercise of constitutional rights, as in *Detroit Metropolitan Welfare Rights Organization* v. *Cahalan,* Civil No 34006 (ED Mich, May 29, 1970), we prefer to deal with those situations as they arise. In this regard, we follow the well-established judicial doctrine of not anticipating questions of constitutional law or formulating rules of constitutional law broader than required by the facts of a particular case. One to whom application of a statute may be constitutional will not be heard to attack the statute on the ground that impliedly it might also be applied unconstitutionally to others. *United States* v. *Raines* (1960), 362 US 17 (80 S Ct 519, 4 L Ed 2d 524). This is not a case like *Feiner* v. *New York* (1951), 340 US 315 (71 S Ct 303, 95 L Ed 295); *Brown* v. *Louisiana* (1966), 383 US 131 (86 S Ct 719, 15 L Ed 2d 637); or *Cox* v. *Louisiana* (1965), 379 US 536 (85 S Ct 453, 13 L Ed 2d 471), where police dispersed peaceful demonstrators in the lawful exercise of First Amendment rights because ·of the violent reaction of a hostile audience. Nor is this case similar to *Dombrowski* v. *Pfister* (1965), 380 US 479 (85 S Ct 1116, 14 L Ed 2d 22), and other cases seeking declaratory relief from the "chilling effect" of overly broad statutes on protected freedoms. Moreover, the decision in *Detroit Metropolitan Welfare Rights Organization, supra,* can be cited for the proposition that the balance of the statute does not threaten the exercise of constitutional rights through overbreadth, since only part of the statute was excised.

other courts compel me to reexamine my prior interpretation of the statute.

It is well recognized that a state has the power to ban violence or threats of imminent violence. *Chaplinsky* v. *New Hampshire* (1942), 315 US 568 (62 S Ct 766, 86 L Ed 1031); *Cantwell* v. *Connecticut* (1940), 310 US 296 (60 S Ct 900, 84 L Ed 1213). However, the attempts by various state legislatures to exercise that authority by enactment of "breach of peace" and "public disturbance" statutes have been less than successful. Some courts hold that statutes which employ such generic terms are permissible because of the futility of attempted enumeration of all the methods of disrupting public order that fertile minds might devise. *People* v. *Raby* (1968), 40 Ill 2d 392 (240 NE2d 595) ("breach of the peace"). Other courts have ruled such statutes vague on their face. *City of Chester* v. *Elam* (1962), 408 Pa 350 (184 A2d 257) ("disorderly conduct").

I am of the opinion that the statute which now reads, as edited by judicial interpretation, "Any person who shall make disturbance [in any public place] shall be guilty of a misdemeanor", can be enforced. In all prosecutions under this statute the activity to be punished must be shown to present clear and present danger of riot, disorder, interference with traffic, or a threat to public safety. *Chaplinsky* v. *New Hampshire, supra; Cantwell* v. *Connecticut, supra.* The statute is concerned with intentional acts of violence or threats of the commission of acts of violence by persons having the ability of immediate execution of such threats. *In re Shead* (ND Cal, 1969), 302 F Supp 560. I recognize that the culpability of the offense depends upon the time, place, and circumstances of the event, and that a jury of laymen will be called upon to decide whether conduct, such as defendant's, is so substantial an in-

trusion as to offend the normal sensibilities of average persons, or constitutes unreasonably abusive conduct. I do not feel that a determination of reasonableness in particular cases is a significant bar to enforcement of the statute, or renders it too vague to establish a practical guide to permissible conduct. *City of Dearborn Heights* v. *Bellock* (1969), 17 Mich App 163. Upon retrial, and in future prosecutions under the statute, the above standards should be utilized.

Reversed and remanded.

DANHOF and V. J. BRENNAN, JJ. (*concurring in part, dissenting in part*). We agree with Chief Judge LESINSKI that the decision of the special three-judge Federal panel in *Detroit Metropolitan Welfare Rights Organization* v. *Cahalan,* Civil No 34006 (ED Mich, May 29, 1970), together with *Bachellar* v. *Maryland* (1970), 397 US 564 (90 S Ct 1312, 25 L Ed 2d 570), requires that the instant case be reversed and remanded for a new trial. We cannot agree, however, that all prosecutions under the statute, as amended by the three-judge Federal panel, would require that the activity to be punished must be shown to present a clear and present danger of riot, disorder, interference with traffic, or a threat to public safety. Such definitions are not necessary to the disposition of the case at hand.

Reversed and remanded.