PEOPLE *v* ROHN

1. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY.

The duty of the trial judge to instruct the jury on a lesser included offense, where a timely request has been made, is determined by the evidence; if evidence has been presented to support a conviction of the lesser offense, the requested instructions must be given and the failure to do so would constitute error; but, if no evidence has been presented to support a conviction of the lesser offense, then the requested instructions should be refused.

2. EVIDENCE—HEARSAY—PRIOR CONVICTIONS.

A witness's testifying as to what he had said does not constitute hearsay, because the testimony's value does not depend on the credibility of an out-of-court asserter.

Appeal from Montcalm, Leo B. Bebeau, J. Submitted Division 3 December 7, 1971, at Grand Rapids. (Docket No. 11005.) Decided January 20, 1972.

Danny Lee Rohn was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *C. Homer Miel,*

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 796 *et seq.*
[2] 30 Am Jur 2d, Evidence § 493 *et seq.*

Prosecuting Attorney, and *Charles H. Miel,* Assistant Prosecuting Attorney, for the people.

*G. R. Pete Frye,* for defendant on appeal.

Before: R. B. BURNS, P. J., and FITZGERALD and V. J. BRENNAN, JJ.

R. B. BURNS, P. J. Defendant was convicted of breaking and entering with intent to commit larceny. MCLA 750.110; MSA 28.305.

Defendant requested the trial court to instruct the jury on the lesser included offense of entering without permission. MCLA 750.115; MSA 28.310. The trial court denied the request and the defendant appeals. However, the trial court gave instructions on the following included offenses: entering without breaking—MCLA 750.111; MSA 28.306, and larceny —MCLA 750.360; MSA 28.592.

In *People* v *Stevens,* 9 Mich App 531 (1968), Justice T. G. KAVANAGH, then a member of this Court, stated on pages 533–534:

"These first two assertions of error indicate confusion about the duty of the trial judge to instruct. Where a request has been made to charge on a lesser included offense, the duty of the trial judge is determined by the evidence.

"If evidence has been presented to support a conviction of the lesser offense, the requested instructions must be given; failure to do so would constitute error. *People* v. *Jones* (1935), 273 Mich 430. If, on the other hand, no evidence has been presented to support a conviction of the lesser offense, then the requested instruction should be refused. *People* v. *Utter* (1921), 217 Mich 74; *People* v. *Hearn* (1958), 354 Mich 468."

In the present case there was no evidence introduced to support the defendant's requested charge.

Defendant also claims the trial judge admitted prejudicial hearsay testimony by a detective. The detective was testifying as to what he had said. Such testimony does not constitute hearsay since its value did not depend on the credibility of an out-of-court asserter. McCormick, Evidence, § 225, pp 459, 460.

Affirmed.

All concurred.