PEOPLE v MASH

1. CRIMINAL LAW—MAKING A DISTURBANCE—CONTENTION—CONSTITU-
TIONAL LAW.

A verdict of guilty under the statute proscribing the making or
exciting of a disturbance or contention in a business place or
other place where citizens are peaceably and lawfully assem-
bled need not be reversed where the jury was instructed to use
the definition of disturbance and not contention in arriving at
their verdict regardless of whether the statute may be unconsti-
tutionally vague and overbroad in its use of the phrase "excite
any contention" and whether that portion of the statute may
need to be read out of the enactment (MCLA 750.170).

2. CRIMINAL LAW—MAKING A DISTURBANCE—CONSTITUTIONAL LAW—
VAGUENESS.

The statute which provides that it is a misdemeanor to make or
excite any disturbance or contention in a business place or
other place where citizens are peaceably or lawfully assembled
is not void for vagueness nor constitutionally infirm for over-
breadth (MCLA 750.170).

3. CRIMINAL LAW—MAKING A DISTURBANCE—EVIDENCE—SUFFICIENCY.

Sufficient evidence was presented to find a defendant guilty of
making a disturbance in a public building where it was shown
that the defendant and others remained in a university build-
ing beyond the closing hour, that they failed to leave that
building when requested to do so by the university president
and the city police, and that the janitor was unable to perform
his janitorial duties in the building on account of the crowd's
presence (MCLA 750.170).

4. EVIDENCE—HEARSAY—PRIOR STATEMENTS.

A witness's testimony as to what he had said on a prior occasion
does not come within the hearsay rule because its value does
not depend on the credibility of an out-of-court declarant.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 12 Am Jur 2d, Breach of Peace and Disorderly Conduct § 13.
[4] 29 Am Jur 2d, Evidence § 500.

Appeal from Washtenaw, Ross W. Campbell, J. Submitted Division 2 February 7, 1973, at Lansing. (Docket No. 12023.) Decided March 26, 1973. Leave to appeal denied 390 Mich 778.

Roy Mash was convicted in district court of making a disturbance in a public building. Defendant appealed to circuit court. Affirmed. Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Assistant Prosecuting Attorney, for the people.

*Kembel, Levin & Lewis,* for defendant.

Before: BRONSON, P. J., and FITZGERALD and O'HARA,* JJ.

O'HARA, J. Defendant Roy Mash appeals on leave granted from a judgment of the Washtenaw County Circuit Court, which affirmed defendant's district court conviction for making a disturbance in a public building, contrary to MCLA 750.170; MSA 28.367.

Defendant was convicted for his participation in a sit-in at the University of Michigan Literature, Science, and Arts Building (L.S.A.). The sit-in began about 6 p.m. on September 25, 1969, when approximately 125 persons assembled on the first and second floors of the L.S.A. Building after the regular closing hour. They were told to leave the building after that time by University President Robben W. Fleming. The next morning, the sit-in participants were told to leave the building by an Ann Arbor police officer. When they failed to do

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

so, the police moved in and arrested about 108 participants including defendant.

Testimony directly involving the defendant was to the effect that he was seen in the building by a defense witness sometime earlier that evening or night and that he was arrested while standing in the first floor lobby of the building with several other persons at approximately 3:30 a.m. September 26, 1969. Although there was testimony that damage was done to the building and that items were taken from the building during the incident, there was no testimony that defendant was personally involved in the damage or thefts.

On appeal defendant contends: (1) that the statute under which he was convicted was vague and overbroad; (2) that the evidence was insufficient to sustain the conviction; (3) that the testimony of the university president as to the statements he made to participants at the sit-in was hearsay and prejudicial; and (4) that the charge to the jury was inaccurate and confusing.

Defendant on appeal alleges that MCLA 750.170, *supra,* is so vague and overbroad that it deprived him of reasonable notice of prohibited conduct and that it denied the trier of fact of standards to be used for determination of guilt. This statute reads as follows:

"Any person who shall make or excite any disturbance or contention in any tavern, store or grocery, manufacturing establishment or any other business place or in any street, lane, alley, highway, public building, grounds or park, or at any election or other public meeting where citizens are peaceably and lawfully assembled, shall be guilty of a misdemeanor."

This statute was first considered by our Court in *People v Weinberg,* 6 Mich App 345 (1967). The

defendants in *Weinberg* asserted that their activities within the office of the complainant did not excite a contention or disturbance. This Court in *Weinberg* set forth the conduct of the defendants and held that their activities constituted a disturbance within the meaning of the statute. In so holding, this Court declared at p 351:

"In Black's Law Dictionary (4th ed, 1951), p 563, a disturbance is defined as:

" 'Any act causing annoyance, disquiet, agitation, or derangement to another, or interrupting his peace, or interfering with him in the pursuit of a lawful and appropriate occupation or contrary to the usages of a sort of meeting and class of persons assembled that interferes with its due progress or irritates the assembly in whole or in part.'

"From the above definition it is clear that the statutory prohibition, framed in the disjunctive, embraces more than actual or threatened violence. Violence, actual or threatened, is proscribed by the use of the word 'contention.' The statute, however, does not require both a disturbance *and* a contention to sustain a conviction. Either is sufficient. *A disturbance, which is something less than threats of violence, is an interruption of peace and quiet; a violation of public order and decorum; or an interference with or hindrance of one in pursuit of his lawful right or occupation."* (Second emphasis ours.)

The same statute was later construed in *People v Purifoy,* 34 Mich App 318 (1971), where this Court dealt with the same challenge to the statute as is raised in the instant case, namely that the provision is unconstitutionally vague and overbroad.

This Court agreed with the three-judge Federal district court panel in Detroit, which held in an unpublished opinion that the phrase "excite any contention" utilized in the statute must be read

out of the enactment.[1] Thus, noting that the trial court rendered a general verdict of guilty against the defendant in *Purifoy, supra,* this Court reversed because the conviction may have rested upon an unconstitutional basis. The problem in *Purifoy* is avoided in the instant case, because the jury was instructed to use the definition of disturbance and not contention in arriving at their verdict.

While Chief Judge LESINSKI, who wrote the principle opinion in *Purifoy,* confessed as error his earlier concurrence with the Court's opinion in *Weinberg, supra,* because "the definitional language there employed implies that something less than a threat of violence which merely interferes with and causes irritation of others may be the sole basis for conviction under the statute", 34 Mich App at 322, the other members of the panel dissented from that portion of the Chief Judge's opinion which would require the activity, to be punished, be shown to present a clear and present danger of riot, disorder, interference with traffic or a threat to public safety. Those judges held such definition unnecessary to dispose of *Purifoy* and declined to adopt the qualifying language cited by the Chief Judge. We also respectfully decline to follow this dicta in *Purifoy.* We adhere to the earlier case of *Weinberg, supra,* and adopt the definitional language cited therein. Thus, we hold that MCLA 750.170, *supra,* is not void for vagueness nor constitutionally infirm for overbreadth.

Defendant next contends that the only evidence of his guilt in this case is the fact he was present in the L.S.A. Building on the day in question and the fact that he was arrested early that morning.

---

[1] *Detroit Metropolitan Welfare Rights Organization v Cahalan,* Civil No 34006 (ED Mich, May 29, 1970).

He asserts that this evidence is not sufficient to sustain his conviction beyond a reasonable doubt.

Defendant's argument entirely overlooks all of the other testimony in the case which established the corpus delicti of the offense. Defendant ignores the testimony that the building was closed at the regular hour, that persons remained in the building beyond the regular hour, and that they failed to leave the building when requested to do so by the university president and Ann Arbor police officers. In addition, the testimony of Arthur Rentz demonstrated that he was unable to perform his janitorial duties in the L.S.A. Building on account of the crowd's presence. Thus, it is obvious that Rentz was hindered in the "pursuit of his lawful right or occupation". Accordingly, we conclude there was sufficient evidence produced at trial for the jury to convict the defendant beyond a reasonable doubt of creating a disturbance, within the definition of *Weinberg, supra.*

Defendant next contends that President Fleming's testimony concerning his statements to a crowd gathered in the plaza between the Administration Building and the L.S.A. Building and his statements that they would be expected to leave the building at closing time were inadmissible hearsay as to the accused. Per contra, a witness's testimony as to what he had said on a prior occasion does not come within the hearsay rule because its value does not depend on the credibility of an out-of-court declarant. *People v Rohn,* 37 Mich App 726 (1972).

Defendant now attacks the trial court's instruction on a number of grounds. Basically, defendant contends that the trial court's instruction was erroneous and misleading because the court first instructed that defendant was charged with mak-

ing a disturbance or contention, that the court gave the definitions of disturbance or contention contained in *Weinberg,* and that the court later limited the jury to a consideration of disturbance. Defendant concludes that the jury must necessarily have been confused by the contradictory statements of the court, thus its verdict was not a finding of guilt of having made a disturbance.

What actually happened is that the trial judge instructed the jury that defendant was charged with making or exciting a disturbance or contention in a public building. He gave the definition of the offense from *Weinberg.* After the instructions were concluded, defense counsel, out of the presence of the jury, requested that the prosecution elect between the disjunctive offenses of disturbance or contention. After the prosecutor stated unequivocally that the theory of the people's case was that defendant was guilty of a "disturbance", the trial court so instructed the jury and reiterated the definition of making or exciting a "disturbance" which it had given earlier.

A reading of the entire jury charge satisfies that it was not confusing and erroneous as defendant contends. The court properly limited the jury's consideration to disturbance, as defendant requested and as the prosecution had submitted the case throughout the trial.

We find no reversible error and we affirm the jury's verdict.

All concurred.