UNITED PENTECOSTAL CHURCH v 59TH DISTRICT JUDGE

(UNITED PENTECOSTAL CHURCH v STEENDAM)

1. MUNICIPAL CORPORATIONS—POLICE POWER—REGULATION OF NOISE.

A municipality has a legitimate objective in the protection of its citizens from those noises which may affect their health, morals, and safety.

2. MUNICIPAL CORPORATIONS—POLICE POWER.

The police power of a municipality comprehends the duty, within constitutional limitation, to protect the well-being and tranquillity of a community.

3. CONSTITUTIONAL LAW—PENAL ORDINANCE—DUE PROCESS—VAGUENESS.

A penal ordinance must have an ascertainable standard of guilt; the terms of such an ordinance must be sufficiently explicit to inform those who are subject to it as to what conduct on their part will render them liable to its penalties and to guide judges and juries in the fair administration of the ordinance without resort to speculation and conjecture.

4. CONSTITUTIONAL LAW—STATUTES—DUE PROCESS—VAGUENESS—FIRST AMENDMENT.

The standard of permissible statutory vagueness becomes more strict where the activity to be regulated is safeguarded by the First Amendment (US Const, Am I).

5. CONSTITUTIONAL LAW—DUE PROCESS—VAGUENESS—ORDINANCES.

A city ordinance which makes it unlawful for any person to make, continue or cause to be made or continued any loud, unnecessary or unusual noise or any noise which either annoys, disturbs, injures or endangers the comfort, repose, health, peace or safety of others fails to establish sufficient ascertaina-

REFERENCES FOR POINTS IN HEADNOTES
[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 470.
[2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 207.
[3–5] 16 Am Jur 2d, Constitutional Law §§ 542, 544, 550, 552, 555.

ble standards of conduct and is unconstitutionally vague since the terms "unnecessary" and "annoy" require men of common intelligence to guess at their meaning (US Const, Am I, Muskegon ordinance, 8-306).

Appeal from Muskegon, Charles A. Larnard, J. Submitted Division 3 October 4, 1973, at Grand Rapids. (Docket No. 16509.) Decided January 17, 1974. Leave to appeal denied, 391 Mich 821.

Complaint by United Pentecostal Church and Reverend Mr. Donald Thomas against Harold J. Steendam, 59th District Judge, and the City of Muskegon seeking an injunction and writ of superintending control to restrain the district court from hearing criminal cases against plaintiffs for city noise ordinance violations. Summary judgment for defendant. Plaintiffs appeal. Reversed.

*Starr & Needham,* for plaintiffs.

*Street, Stevens, Schuler, Johnson, Hipkiss, Piasecki & Knowlton* (by *Foster D. Potter),* for defendants.

Before: HOLBROOK, P. J., and BASHARA and O'HARA,* JJ.

BASHARA, J. Plaintiff, United Pentecostal Church, is a religious organization located in a residential neighborhood of the City of Muskegon, Michigan. Early in the summer of 1971, the city issued criminal complaints and warrants against plaintiffs as a result of allegations by several of the residents surrounding the church property. The residents were apparently disturbed by loud music and prayers emanating from the church

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

during its evening services, especially as those noises appeared to come from sound amplification equipment.

Plaintiffs were charged with violation of § 8-306 of the Code of Ordinances of the City of Muskegon which provides as follows:

"It shall be unlawful for any person to make, continue or cause to be made or continued any loud, unnecessary or unusual noise or any noise which either annoys, disturbs, injures or endangers the comfort, repose, health, peace or safety of others, within the limits of the City."

Plaintiffs thereafter sought an ex parte injunction and writ of superintending control[1] from the Muskegon County Circuit Court asking that the district court be restrained from hearing the criminal cases against plaintiffs. The grounds for these requested orders were that the ordinance was unconstitutionally vague and overbroad[2] by use of the words "unnecessary or unusual", "loud", and "annoys" to describe prohibited noises. The circuit court denied plaintiffs' requested relief and granted summary judgment[3] in favor of defendant City of Muskegon. Plaintiffs appeal, challenging the constitutionality of § 8-306.

A municipality of this state has a legitimate objective in the protection of its citizens from those noises which may affect their health, morals, and safety. It has also been stated that "the police power of a municipality comprehends the duty, within constitutional limitation, to protect the well-being and tranquillity of a community". 56 Am Jur 2d, Municipal Corporations, Etc, § 470, p

---

[1] GCR 1963, 711.1.

[2] *See People v Purifoy,* 34 Mich App 318; 191 NW2d 63 (1971), for a discussion of vagueness and overbreadth.

[3] GCR 1963, 117.2(1).

519. The question this Court must decide is whether the City of Muskegon has exceeded those limitations requiring specificity of terms in the enactment of ordinance 8-306.

We referred to certain general rules regarding specificity of penal ordinances in the case of *Dearborn Heights v Bellock,* 17 Mich App 163, 166; 169 NW2d 347, 349 (1969), stating:

"A penal ordinance must have an ascertainable standard of guilt. *Herndon v Lowry* (1937), 301 US 242 (57 S Ct 732, 81 L Ed 1066); *Winters v New York* (1948), 333 US 507 (68 S Ct 665, 92 L Ed 840). The terms of such an ordinance must be sufficiently explicit to inform those who are subject to it as to what conduct on their part will render them liable to its penalties and to guide judges and juries in the fair administration of the ordinance without resort to speculation and conjecture. *Herndon v Lowry, supra; Musser v Utah* (1948), 333 US 95 (68 S Ct 397, 92 L Ed 562); *Boyce Motor Lines, Inc v United States* (1952), 342 US 337 (72 S Ct 329, 96 L Ed 367)."

The Court in *Bellock, supra,* was concerned with a loud party which the Court did not consider to be a constitutionally protected activity. Where the activity to be regulated is safeguarded by the First Amendment, as in this case, the standard of permissible statutory vagueness becomes more strict. *Keyishian v Board of Regents,* 385 US 589, 604; 87 S Ct 675, 684; 17 L Ed 2d 629, 641 (1967). Applying the standard of *Bellock* and *Keyishian, supra,* to the controverted ordinance, we conclude that the language fails to establish sufficient ascertainable standards of conduct. The terms "unnecessary" and "annoy" require men of common intelligence to guess at its meaning. The infirmity in the use of the word "unnecessary" to describe that noise to be prohibited was well stated in *Phillips v Borough*

*of Folcroft,* 305 F Supp 766 (ED Pa, 1969), at p 770–771:

"At the outset we observe that the defining adjectives contained in Folcroft Ordinance No. 136 are used in the disjunctive. Thus, a person can be convicted of disorderly conduct for making only 'loud noises'. * * * It could be argued that ordinance 136's use of the adjective 'loud' to define disorderly conduct, without any further modification of 'noise', is itself sufficiently imprecise not to withstand constitutional scrutiny. The death knell is sounded, however, by the use of 'unnecessary', in the disjunctive, to modify 'noise.'

"We do not think it requires much discussion to establish the vice, in the area of First Amendment freedoms, of defining disorderly conduct to mean 'the making of unnecessary noises'. The definition of proscribed conduct in this manner permits

" 'so much free play that in the practical course of [the ordinance's] operation it is likely to function erratically—responsive to whim or discrimination unrelated to any specific determination of need by the responsible policy-making organs of society—and to result in a significant number of impermissible public-versus-private-interest resolutions which are beyond the effective discovery or appraisal of the Court.'

* * *

"However, as we have indicated, the real vice of this language is that it permits police and other officials to wield apparently unlimited discretionary powers in choosing those persons in violation of the ordinance. * * * This is clearly an impermissible judgment under the First Amendment."

In finding that Muskegon's "anti-noise" ordinance 8-306 is unconstitutionally vague, this Court does not condone interference with the peace and sanctity of one's home by loud noise. This admonition applies to constitutionally protected activities as well as those unprotected. We are persuaded that a more clearly and narrowly drawn ordinance

can achieve the municipality's objectives while insuring an ascertainable standard of guilt for due process requirements.

Reversed. No costs, a public question being involved.

Holbrook, P. J., concurred.

O'Hara, J. *(concurring in result).* I concur in the result reached by Judge Bashara.

I limit my concurrence to the grounds stated in *Phillips v Borough of Folcroft,* fully cited in the majority opinion.