## Commonwealth v. Reyes

*Daniel K. McCarthy,* for Commonwealth.
*Robert W. Brown,* for defendant.

WIEAND, *J.,* April 25, 1977 — This appeal from a summary conviction asserts the alleged unconstitutionality of section 3 of the anti-noise ordinance of the City of Allentown, being Ordinance No. 5778.*

Defendant, Israel Reyes, is the pastor of the Divine Masters of the Pentecostal Church of the Assembly of God. The church is small in size and is

---

* Section 703.06 of the codified ordinances of the City of Allentown.

located at Penn and Turner Streets in the City of Allentown. The neighborhood is a high density, residential area, with narrow row homes predominating. Church services are held nightly, except Monday and Wednesday, and continue until 10:00 or 11:00 P.M. A part of the worship service is devoted to music produced by electronically magnified guitar, drums and piano. It is accompanied by congregational singing, shouting and stamping of feet. The sounds produced by the electronically magnified instruments can be heard at distances in excess of two hundred feet from the church. Neighbors residing in proximity to the church complain that they are unable to sleep, watch television, read or hold normal conversation. The walls of the residence at 138 North Penn Street, which is immediately to the rear of and adjacent to the church, are caused to vibrate by the noise to the extent that motion can be felt by the residents.

On November 26, 1976, Patrolman Richard Gerencher responded to a complaint by neighbors. He heard electronically magnified guitar, drums and piano, together with approximately 50 worshippers, creating noise which emanated from the church building. He requested defendant to turn down the volume and was told that the volume could be reduced no further. A citation was subsequently issued charging defendant with violating the antinoise ordinance.

On the following evening, November 27, 1976, the police returned to the church and found the same musical instruments magnified electronically so that the sound was projected onto the street and into adjoining residences. Gerencher entered the dwelling at 138 North Penn Street, where he felt the vibration of the walls. The noise from the church was such that he was unable to

hear the television and could converse only in a loud voice. Again, a request to turn off the electric amplification was refused, and a citation was issued.

On November 28, 1976, Sgt. Fatzinger responded to a complaint and found a group of neighbors gathered on the corner of Penn and Turner Streets. He heard the music originating in and magnified electronically from the church, and upon experimenting found that it could be heard clearly as far as 210 feet from the church. A third citation was issued.

The section of the ordinance which defendant is charged with violating provides as follows: "The use or operation of loud-speakers, sound devices or sound apparatus, the unnecessary blowing of horns or the making of unnecessary loud noises whereby the sound therefrom is cast upon the City streets is declared to be a public nuisance, disturbing to the public peace and injurious to the public interest."

Defendant argues that the ordinance is unconstitutionally vague and that its proscription is overbroad. In making his attack, defendant urges that we measure the proscription of the ordinance, not against the specific conduct involved in this case, but against all conduct which the ordinance might hypothetically embrace. In response to a similar argument, the Supreme Court, in Commonwealth v. Heinbaugh, 467 Pa. 1, 354 A.2d 244 (1976), said: "To do so . . . would require us to adjudicate the rights of parties not presently before the Court, at the insistence of a party who does not have standing to assert such rights. It is for this reason that facial attacks on the validity of statutes are not generally permitted. United States v.

Powell, 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975); United States v. Mazurie, 419 U.S. 544, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975); United States v. Raines, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960)."

In Broadrick v. Oklahoma, 413 U.S. 601, 610, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973), the Supreme Court said that "[e]mbedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court."

Again, in Parker v. Levy, 417 U.S. 733, 760, 94 S.Ct. 2547, 41 L.Ed.2d 439, 460 (1974), the court said: "This Court has . . . repeatedly expressed its reluctance to strike down a statute on its face where there were a substantial number of situations to which it might be validly applied. Thus, even if there are marginal applications in which a statute would infringe on First Amendment values, facial invalidation is inappropriate if the 'remainder of the statute . . . covers a whole range of easily identifiable and constitutionally proscribable . . . conduct . . .' " See also Young v. American Mini Theatres, Inc., 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976).

In the instant case, it is the first proscription of the anti-noise ordinance which defendant is charged with violating. This part of the ordinance makes it a summary offense to use or operate loud speakers, sound devices or sound apparatus by which sounds produced within a building are permitted to escape the walls of that building and be cast upon the public streets. This construction, it

seems clear, is not overbroad. The proscription is directed toward conduct and seeks to maintain peace and tranquility. It is not intended to restrict expression or communication. Neither is its construction vague or ambiguous. It requires that amplification devices not be used in buildings unless the amplified sound is prevented from reaching the public streets. Such a proscription is narrowly defined and clear of meaning.

In Commonwealth ex rel. Hines v. Winfree, 408 Pa. 128, 182 A. 2d 698 (1962), an ordinance required that amplifying equipment be so equipped and regulated that the sound coming from a truck or amplifier could not be audibly heard more than 100 feet from the source. In upholding its constitutionality, the Court said, at pages 134 and 135: "This ordinance does not *prohibit* sound trucks and sound amplifying equipment in and about the highways; on the contrary, this ordinance *permits* the use of such trucks and equipment under certain conditions which are clearly set forth and with which compliance is neither onerous nor difficult."

In People of the State of N. Y. v. Matherson, 64 Misc. 2d 680, 315 N.Y.Supp. 2d 596 (1970), a town ordinance was upheld which forbade the playing of music in any licensed place of public assembly, either by mechanical device or live performance, in such a manner that the sound emanating therefrom would be audible beyond the property line of the premises whereon the place of public assembly was located.

Because we have rejected defendant's facial attack on the validity of the ordinance, the cases on which he relies are not controlling. In United Pentecostal Church v. Steendam, 51 Mich. App. 323,

214 N.W.2d 866 (1974), an ordinance forbade "any loud, unnecessary or unusual noise" which might annoy, disturb, injure or endanger others anywhere within the city limits. Similarly, in Phillips v. Borough of Folcroft, 305 F.Supp. 766 (E.D. Pa. 1969), the municipal proscription was directed against "loud or unnecessary noise," regardless of volume and regardless whether produced on public or private property. These proscriptions were held vague and overly broad.

With respect to the Allentown ordinance, it will be time enough to determine the validity of a ban on "unnecessary loud noises" if and when the City attempts to enforce that portion of the ordinance.

The proscription pertinent to defendant's conduct in this case does not impair defendant's right of free speech. His right to speak or make musical sounds does not include the right to force persons outside the church to listen. Similarly, the ordinance does not in any way prevent defendant from worshipping God according to the dictates of his own conscience. Freedom of religion does not confer upon him the privilege of amplifying portions of the worship services so as to make them audible, not only to the worshippers in his church, but also to the surrounding neighborhood.

In balancing the various community interests here to be considered, the rights of the neighboring public must prevail. Within the limitations provided by the City's anti-noise ordinance, defendant and the members of his congregation may speak, sing, worship and make music without limitation. However, if they choose to amplify any part of their service mechanically or electrically, the sound caused thereby must be kept within the confines of the church property and may not be cast upon the public streets.

Because defendant clearly violated the proscription of the City's anti-noise ordinance on the dates charged, a verdict will be entered accordingly.

### ORDER

Now, April 25, 1977, the court finds defendant, Israel Reyes, guilty of violating section 703.06 of the Codified Ordinances of the city of Allentown on November 26, 27 and 28, 1976.

It is ordered, therefore, that said defendant be and appear in Courtroom #2 on May 5, 1977, at 9:30 o'clock, A.M., for the imposition of sentence.