PEOPLE *v.* KING

1. APPEAL AND ERROR—CRIMINAL LAW—CONFESSIONS—VOLUNTARINESS—REVIEW.
   The Court of Appeals must examine the entire record of a hearing to determine whether a confession was voluntary, and make its own independent determination of voluntariness.

2. CRIMINAL LAW—EVIDENCE—JUVENILE RECORD.
   That the defendant in a criminal case had been incarcerated as a child in a girl's training school should not have been allowed into testimony by the trial judge (MCLA § 712A.23).

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 543 *et seq.*
[2, 3] 29 Am Jur 2d, Evidence § 320 *et seq.*
   47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 4, 8.

3. CRIMINAL LAW—MISTRIAL—DUTY OF COURT—PRIOR CONVICTIONS—
JUVENILE RECORD—JURY—PREJUDICE.

    A trial court has the duty to declare a mistrial, even on its own
    motion, where a violation of Michigan statutes relative to
    prior actions, particularly of a juvenile, is bound to influence
    the jury and prevent it from making a fair, impartial and
    unprejudiced judgment in the case.

Appeal from Lenawee, Rex B. Martin, J. Submitted Division 2 June 2, 1970, at Detroit. (Docket No. 8,302.) Decided October 30, 1970.

Stella King was convicted of willfully and maliciously burning personal property of a value of more than $50. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney, for the people.

*Gregory J. Forsthoefel,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and LEVIN and BOR-RADAILE,* JJ.

BORRADAILE, J. Defendant Stella King was found guilty by a jury of willfully and maliciously burning personal property of a value of more than $50.[1] The issue on appeal is whether defendant, given the circumstances of her arrest and her own personal situation, knowingly waived her right to counsel and voluntarily confessed to the crime charged. The facts pertinent to this review are as follows:

Defendant, aged 16, escaped from the Girl's Training Home at Adrian, Michigan. Sometime after

---

    * Circuit judge, sitting on the Court of Appeals by assignment.
    1 MCLA § 750.74 (Stat Ann 1962 Rev § 28.269).

midnight of the day of the escape two garaged auto-
mobiles were discovered to be on fire in the vicinity
of the school. The sheriff's office was called and
upon arriving at the scene of the fires saw defend-
ant running across a field. After a chase on foot
she was apprehended by the officers, handcuffed,
and advised that she was a suspect in the arson.
The arresting officer also informed the defendant
that he knew she was an escapee from the Training
School. At the time of her arrest defendant was
without shoes and had a cut on her foot.

An officer testified that the defendant was then
taken to the county jail where she was advised of
certain constitutional rights.[2] Defendant signed a
card at 3:20 a.m. which in substance stated that she
had been advised of her constitutional rights. The
following morning she executed a signed statement
admitting her commission of the offense. This was
done, she testified, only because she was obliged to,
since she so promised the night before.

At the time Stella was questioned, she was in-
formed that she could talk with anyone from the
Training School home and that her father was pres-
ent at the jail. At trial, Stella denied knowledge of
her father's presence although the officer testified
that she had not wanted to talk to him. At this
time the questioning officer also knew that recom-
mendation had been made to refer defendant from
the Training School to Ypsilanti State Hospital for
examination to determine her mental condition.

At trial, after defendant's confession had been
placed in evidence in the presence of the jury, a
*Walker*[3] hearing was held to determine the volun-

---

[2] *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L
Ed 2d 694, 10 ALR 3d 974). The officers testified that defendant
was given a "Mema Warning Card" and "Memoranda" and "Merely"
warnings. These are not stenographic errors.

[3] *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331, requires

tariness of the confession. The trial court determined that defendant understood what she was doing and that the confession was, therefore, admissible.

The issue to be considered first is whether defendant knowingly waived her right to counsel and voluntarily confessed.

"The Court of Appeals must examine the entire record of a hearing given to determine whether a confession was voluntary, and make its own independent determination of voluntariness." *People v. Pallister* (1968), 14 Mich App 139; *People v. Summers* (1968), 15 Mich App 346; *People v. Smith* (1969), 19 Mich App 359; *People v. Matthews* (1969), 17 Mich App 48; *People v. Hummel* (1969), 19 Mich App 266.

In addition to the above-cited circumstances of defendant's arrest, her personal situation must also be considered. Stella had been in the training school for 34 months. Her mother had died when she was very young and her father had been in prison in her early years. The time between her mother's death and the commitment to the training school was spent in 11 different foster homes. At the time of entering the school she was unable to read and by the time of her arrest had attained a sixth grade reading level.

Under these circumstances this Court finds that defendant was unable to make a voluntary confession and waive the right to counsel at the time of the confession.[4] *Haley v. Ohio* (1948), 332 US 596

a hearing out of the presence of the jury before any confession is determined to be voluntary. *Sims v. Georgia* (1967), 385 US 538 (87 S Ct 639, 17 L Ed 2d 593) holds that *Jackson v. Denno* (1964), 378 US 368 (84 S Ct 1774, 12 L Ed 2d 908), requires that a jury is not to hear a confession unless and until the trial judge has determined that it was freely and voluntarily given.

4 It is not now necessary to determine the legality of the evidentiary hearing as held at trial.

(68 S Ct 302, 92 L Ed 224), involved a 15-year-old convicted of first-degree murder who confessed to the crime after five hours of nighttime interrogation. The Supreme Court in reversing the conviction noted that the boy had been advised of his constitutional rights and had waived them but a determination of voluntariness on that ground "assumes, however, that a boy of 15, without aid of counsel, would have a full appreciation of that advice". (p 601.)

*Gallegos* v. *Colorado* (1962), 370 US 49 (82 S Ct 1209, 8 L Ed 2d 325), involved the confession of a 14-year-old to first-degree murder and says, "without some adult protection * * * a 14-year-old boy would not be able to know, let alone assert, such constitutional rights". (p 54.)

*People* v. *Lara* (1967), 67 Cal 2d 365 (62 Cal Rptr 586, 432 P2d 202), dealing with the case of a 17-year-old convicted of murder, found that a minor has capacity to waive his rights and confess, but notes at p 203 (headnote 17):

"Admissibility of such confession depends not on his age alone but on combination of that factor with such other circumstances as his intelligence, education, experience and ability to comprehend the meaning and effect of his statement."

Also raised on appeal is the question of whether the trial court should have allowed into testimony the fact of defendant's commitment to the Girls' Training School.

MCLA § 712A.23 (Stat Ann 1962 Rev § 27.3178 [598.23]) states:

"A disposition of any child under this chapter, or any evidence given in such case, shall not in any civil, criminal, or any other cause or proceeding whatever in any Court, be lawful or proper evi-

dence against such child for any purpose whatever, except in subsequent cases against the same under this chapter."

Defendant's incarceration at the Training School permeates the record of the people's case. This should not have been allowed by the trial judge. It is the duty of the court to declare a mistrial, even on his own motion, where a violation of the acts of the State of Michigan relative to prior actions, particularly of a juvenile, are bound to inflame the jury and prevent it from making a fair, impartial and unprejudiced judgment in the case. *People* v. *Bigge* (1941), 297 Mich 58; 2 Gillespie, Mich Criminal Law and Procedure, (2d ed), § 698, p 888.

Reversed and remanded for new trial.

All concurred.