PEOPLE *v.* BOSANIC

1. CRIMINAL LAW—PROSECUTOR'S CONFESSION OF ERROR.
   Court of Appeals does not consider itself bound by a prosecuting attorney's confession of error.

2. CRIMINAL LAW—PROSECUTOR'S CONFESSION OF ERROR—NEW TRIAL.
   The Court of Appeals adopts the procedure of refraining from determining the merits of a defendant's presented claim of error where the prosecutor confessed error, but the confession may serve as a basis for granting the prosecutor's motion to grant defendant a new trial.

Appeal from Schoolcraft, George S. Baldwin, J. Submitted Division 3 October 15, 1970, at Marquette. (Docket Nos. 7,688, 7,689, 7,690.) Decided December 1, 1970.

Michael George Bosanic was convicted, on his pleas of guilty, of breaking and entering, malicious destruction of a building, and escape from prison. Defendant appeals. Reversed on prosecutor's confession of error and motion to grant a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Gottfrid S. Johnson,* Prosecuting Attorney, for the people.

*Herbert & Wood (Robert G. Berger,* of counsel), for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 948.
[2] 39 Am Jur, New Trial § 6.

Before: FITZGERALD, P. J., and McGREGOR and
O'HARA,* JJ.

O'HARA, J.   On July 15, 1968 the defendant, who
was 16 years old, pleaded guilty to charges of break-
ing and entering, MCLA § 750.110 (Stat Ann 1968
Cum Supp § 28.305) and malicious destruction of a
building, MCLA § 750.380 (Stat Ann 1970 Cum Supp
§ 28.612).   At this time he was represented by ap-
pointed counsel.   He was placed on probation on
the condition that he spend some time at Camp
Pugsley.   He then escaped from jail.   After he was
recaptured, he was again brought before the court
where he pleaded guilty to a charge of jail-breaking,
MCLA § 750.197 (Stat Ann 1962 Rev § 28.394).   At
the same hearing his probation was revoked and he
was sentenced to prison.

The defendant and another boy had broken into
a grocery store and stolen a number of things, in-
cluding a good deal of beer and wine.   Later, after
consuming some alcohol, they and a third boy broke
into a house and did a tremendous amount of dam-
age.

Because of their age, the boys were brought
before the probate judge.   The probate judge held
several hearings and then entered an order waiving
jurisdiction over the offense of malicious destruc-
tion "and all further proceedings incident thereto".
The defendant was not represented by counsel in
the probate court proceedings and the record does
not indicate that he was informed that he had a
right to appointed counsel if he was indigent.

The defendant appeals contending that the cir-
cuit court lacked jurisdiction over the offenses of

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

breaking and entering and jail-breaking, that his probation was improperly revoked, and that he was denied due process of law in the probate proceedings.

The prosecuting attorney has confessed error, agreeing with the defendant that:

1. The circuit court lacked jurisdiction to proceed in the escape and breaking and entering charges for want of a probate court valid waiver.

2. The probate court waiver on the malicious destruction charge was constitutionally infirm under the rule in *Kent* v. *United States* (1966), 388 US 541 (86 S Ct 1045, 16 L Ed 2d 84).

3. The probation revocation proceedings were infirm for failure of proper notice to defendant.

We do not consider ourselves bound by a confession of error. We ordered oral argument on appeal. In light of bench questioning of both counsel, we now adopt the procedure followed by our State Supreme Court in *People* v. *Miles* (1965), 376 Mich 165, 166, where Justice BLACK speaking for a unanimous court said:

"I would purposely refrain from determining the merit of defendant's presented claim of error, there being no need for such determination considering the prosecutor's confession. The confession instead should be accepted as fair basis for the latter's motion and grant thereof."

See, also, *People* v. *Foster* (1966), 377 Mich 233.

The judgments of conviction are accordingly reversed.

All concurred.