PEOPLE v. ALLEN

CRIMINAL LAW—COMPETENCY TO STAND TRIAL.
    A trial court had no duty to order, *sua sponte,* a hearing on the
    question of defendant's competency to stand trial where no
    request for a hearing was made by the defendant at any time,
    no evidence was introduced as to defendant's mental capacity,
    defendant does not assert on appeal that he was in fact in-
    competent at the time of trial, and the defendant, when he
    testified at trial, gave no indication that he was incapable of
    understanding the nature and the object of the proceedings
    against him, of comprehending his own condition in reference
    thereto, or of assisting counsel in his defense in a reasonable
    and rational manner (MCLA § 767.27[a]).

Appeal from Recorder's Court of Detroit, Frank
G. Schemanske, J. Submitted Division 2 February
2, 1971, at Lansing. (Docket No. 9752.) Decided
June 25, 1971.

James Edward Allen was convicted of assault
with intent to rob being armed. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Angelo A. Pen-
tolino,* Assistant Prosecuting Attorney, for the
people.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 64, 65.
Investigation of present sanity to determine whether accused should
    be put, or continue, on trial. 192 ALR2d 961.

*T. Vincent,* for defendant on appeal.

Before: McGregor, P. J., and Bronson and Danhof, JJ.

Per Curiam. Defendant appeals as of right from a conviction by the court, sitting without a jury, of assault with intent to rob, being armed. MCLA § 750.89 (Stat Ann 1962 Rev § 28.284). The people have filed a motion to affirm. GCR 1963, 817.5(3).

The single contention raised on appeal is that the trial court erred by not, *sua sponte,* ordering a hearing on the question of defendant's competency to stand trial pursuant to MCLA § 767.27a (Stat Ann 1971 Cum Supp § 28.966[11]) and GCR 1963, 786. It is manifest that the question raised, on which decision of the cause depends, is so unsubstantial as to need no argument or formal submission.

No request for a hearing pursuant to the above statute and court rule was made at any time below. No evidence was introduced as to defendant's mental capacity. Defendant took the stand and testified. He gave no indication that he was incapable of understanding the trial proceedings, or of comprehending his own condition in reference to the trial, or of assisting in his defense in a rational and reasonable manner. Finally, it is not even asserted on appeal that defendant was, in fact, incompetent at the time of his trial.

Error is based solely on an allegation that the trial court should have ordered a forensic psychiatric evaluation of defendant, pursuant to the statute and court rules. Under the circumstances outlined here, there was no duty on the trial court to order such a hearing.

Motion to affirm is granted.