PEOPLE v POWELL

1. CRIMINAL LAW—EVIDENCE—CONFESSION—ADMISSIBILITY—WARNING
   OF RIGHTS—WAIVER OF RIGHTS.

   A trial court's finding of voluntariness of a defendant's confession
   to a police officer was not clearly erroneous where defendant
   was read a clear and comprehensive summary of his warning of
   rights at the commencement of the interrogation, and he
   waived his rights in this regard and voluntarily answered
   questions posed to him by the officer, and where a challenged
   statement of the police officer did not constitute a type of
   subterfuge which would render defendant's confession involun-
   tary and inadmissible.

2. CRIMINAL LAW—EVIDENTIARY HEARING—NONJURY TRIAL—EXTRA-
   JUDICIAL STATEMENTS—ADMISSIBILITY.

   A trial court, in a nonjury trial, did not err in presiding over both
   an evidentiary hearing and a trial where the defendant did not
   object to the same judge presiding over the hearing and the
   trial-in-chief, and where the confession which was the subject of
   the litigation at the evidentiary hearing was deemed voluntary
   and admissible.

Appeal from Menominee, Ernest W. Brown, J.
Submitted Division 3 March 5, 1974, at Grand
Rapids. (Docket No. 15494.) Decided May 2, 1974.

Robert D. Powell was convicted of second-degree
murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Edward J. Soro-
nen,* Prosecuting Attorney (Prosecuting Attorneys
Appellate Service, *Donald Ubell,* Director, and

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence §§ 523–596.

*William P. Weiner,* Staff Attorney, of counsel), for the people.

*Steven Schwartz,* Assistant State Appellate Defender, for defendant.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and BASHARA, JJ.

PER CURIAM. Defendant appeals as of right from his July 25, 1972, conviction by the trial court, sitting without a jury, of second-degree murder. MCLA 750.317; MSA 28.549.

Defendant first claims that the trial court erroneously concluded that defendant's confession to a police officer was voluntary.

A careful review of the record shows that defendant was read a clear and comprehensive summary of his *Miranda* rights[1] at the commencement of the interrogation and that he waived his rights in this regard and voluntarily answered questions posed to him by Detective Steeno.

We conclude that the challenged statement of Detective Steeno did not constitute a type of subterfuge which would render defendant's confession involuntary and inadmissible. Therefore, the trial court's finding of voluntariness was not clearly erroneous.

In defendant's second appeal issue, he contends that the trial court erred reversibly presiding over both a *Walker* hearing[2] and a nonjury trial in this case.

Defendant did not object to the fact that the trial judge presided over both the *Walker* hearing

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[2] *People v Walker,* 374 Mich 331; 132 NW2d 87 (On Rehearing, 1965).

and the trial-in-chief. Furthermore, the confession which was the subject of the litigation at the *Walker* hearing was deemed voluntary and admissible. Thus, the trial court was not in the position of having heard at the *Walker* hearing a confession which it later ruled inadmissible at trial. Under these circumstances, we find no error in the fact that the trial court presided over both the *Walker* hearing and the trial. See *People v Yacks,* 38 Mich App 437; 196 NW2d 827 (1972); *People v Boyd,* 49 Mich App 388; 212 NW2d 333 (1973).

Affirmed.