*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBERT RAMSEY,

        Defendant-Appellant.

UNPUBLISHED
May 14, 2026
11:57 AM

No. 370491
Wayne Circuit Court
LC No. 04-007182-01-FC

Before: BAZZI, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant was convicted of first-degree murder and felony-firearm and sentenced to life imprisonment without parole for the murder and two years for the felony-firearm conviction. This Court affirmed defendant's convictions and sentences in his direct appeal. *People v Ramsey*, unpublished per curiam opinion of the Court of Appeals, issued April 17, 2007 (Docket No. 266371), p 1. Almost twenty years after his conviction, the trial court denied in part defendant's motion for relief from judgment, which defendant now appeals by delayed leave granted. *People v Ramsey*, unpublished order of the Court of Appeals, entered August 29, 2024 (Docket No. 370491). Finding no abuse of discretion in the trial court's denial of defendant's motion, we affirm.

## I. BACKGROUND

Defendant's convictions arose from his participation in the fatal shooting of the victim.[1] During the firearm melee, defendant was shot at least twice and was admitted to the hospital for treatment of his gunshot wounds. He underwent several surgical procedures, and consent forms for such surgeries were signed by defendant or his mother. Defendant was arraigned on his warrant while in the hospital, and the register of action indicated that defendant was mute and a plea of not guilty was entered during this hospital arraignment. On the same day as the arraignment, the trial court signed a petition and order appointing counsel for defendant. Defendant was represented by

---

[1] See *Ramsey*, unpub op at 3, for further factual background.

counsel in the subsequent pretrial proceedings, including his preliminary examination and arraignment on the information where defendant pleaded not guilty to the charges of first-degree murder, MCL 750.316(1)(a); and carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b.

During trial, the trial court received a note from a juror. The prosecutor later summarized this note as a juror indicating that she recognized people in the audience from the neighborhood. The trial court decided not to pursue the issue further, and both parties agreed to the trial court's suggestion of "wait and see." Nothing more came of the issue, and defendant was convicted as earlier described. In his direct appeal to this Court, defendant requested an evidentiary hearing to develop his claim about the juror note given that the note was not included in the case file; this Court denied defendant's motion to remand because defendant failed to persuade this Court that remand was necessary. *People v Ramsey*, unpublished order of the Court of Appeals, entered January 16, 2007 (Docket No. 266371).

Sixteen years after this Court's opinion affirming defendant's convictions and sentences on direct appeal, *Ramsey*, unpub op at 1, defendant moved in the trial court for relief from judgment, arguing that he was entitled to a new trial because he was deprived of his Sixth Amendment right to counsel, was mentally incompetent during his hospital arraignment, was deprived of his right to an appeal because of the failure to preserve the jury note, and was entitled to correction of his presentence investigation report (PSIR). The trial court issued an opinion and order granting defendant's motion with respect to the PSIR issue but denying his remaining claims for relief.

Defendant now appeals the trial court's denial of his claims for relief by leave granted.

II. ANALYSIS

A. ARRAIGNMENT

On appeal, defendant argues that the trial court erred by denying his motion for relief from judgment because his Sixth Amendment right to counsel was violated during his arraignment. We review for an abuse of discretion the trial court's decision on defendant's motion for relief from judgment and review for clear error the findings of facts used to support its decisions. *People v Spears*, 346 Mich App 494, 502; 13 NW3d 20 (2023). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes or makes an error of law," and "findings of fact are clearly erroneous if, after a review of the entire record, the appellate court is left with a definite and firm conviction that a mistake has been made." *Id*.

A defendant who files a motion for relief from judgment bears the burden of establishing entitlement to the relief requested. MCR 6.508(D). Relief is not proper if a defendant "alleges grounds for relief that could have been previously raised, unless the defendant demonstrates both good cause for failing to raise such grounds earlier as well as actual prejudice." *People v Johnson*, 502 Mich 541, 565; 918 NW2d 676 (2018). The requirement of good cause can be "established by proving ineffective assistance of appellate counsel . . . or by showing that some external factor prevented counsel from previously raising the issue." *People v Reed*, 449 Mich 375, 378; 535 NW2d 496 (1995). To establish actual prejudice, a defendant must show that "but for the alleged

-2-

error, the defendant would have had a reasonably likely chance of acquittal," MCR 6.508(D)(3)(b)(*i*)(A), or that "the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case," MCR 6.508(D)(3)(b)(*iii*).

Defendant's right to counsel is guaranteed by the United States and Michigan Constitutions, US Const, Am VI; Const 1963, art 1, § 20, and "extends to all critical stages of the proceedings where counsel's absence might harm defendant's right to a fair trial," *People v Buie*, 298 Mich App 50, 61; 825 NW2d 361 (2012). Critical stages include "preliminary proceedings where rights may be sacrificed or defenses lost," such as the preliminary examination, pretrial lineup, and the entry of a plea. *Duncan v State*, 284 Mich App 246, 263-264; 774 NW2d 89 (2009). This Court has held that an arraignment on the warrant without more does not constitute a critical stage of the proceedings and therefore, the presence of counsel is not required. *People v Horton*, 98 Mich App 62, 72; 296 NW2d 184 (1980).

On review of the record, defendant's claim fails for a couple of reasons. First, defendant fails to show that he did not in fact have appointed counsel at his arraignment. With respect to proving that he lacked counsel at the arraignment, defendant bears the burden of providing the Court with a record to verify the factual basis for his argument. *People v Elston*, 462 Mich 751, 762; 614 NW2d 595 (2000). Defendant's reliance on the register of actions is not sufficient alone to provide a factual basis for his claim, given that the order appointing counsel for defendant was signed the same day as the arraignment.

Second, even if defendant lacked counsel during his hospital arraignment, defendant has not established that his Sixth Amendment right was violated based on the record before us. This Court has held before that a hospital arraignment was not a critical stage of the proceedings based on the circumstances in that case:

> Nothing in the record of this case indicates that any statements, admissions, or other forms of evidence were received during the period that the defendant was without counsel nor is there any showing the defendant was affected adversely, was harmed or was prejudiced in any manner in his preparation before trial or in the trial by the fact that he did not have counsel at the arraignment. [*People v Sullivan*, 18 Mich App 1, 6-7; 170 NW2d 514 (1969).[2]]

---

[2] As a pre-1990 published decision, this decision is binding and precedential. *Plachta v Plachta*, ___ Mich App ___, ___; ___ NW3d ___ (2026) (Docket No. 374260); slip op at 4-5. And although unpublished and only persuasive, *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017), this Court has found that some hearings can "be a critical stage under certain circumstances where the absence of counsel affected and contaminated the entire proceedings," but when "the lack of representation [does] not result in the loss of a substantial right," it is not a structural error requiring automatic reversal, *People v Haupt*, unpublished per curiam opinion of the Court of Appeals, issued April 25, 2024 (Docket No. 351593), pp 6-7; see also *People v Haupt*, 21 NW3d 587 (Mich, 2025) (scheduling oral argument on the application in part to consider whether defendant was without counsel during critical stages of the proceedings).

Likewise, nothing in the instant record indicates that defendant's hospital arraignment was a critical stage of the proceedings that required the presence of counsel. Defendant cannot demonstrate any circumstances arising from his arraignment to suggest that the purported absence of counsel harmed his right to a fair trial when defendant stood mute and did not enter a plea. Nor is there any indication that defendant made any statements or admissions, waived any defenses, or was otherwise prejudiced at trial because of his lack of counsel at the arraignment.

On a similar note, defendant also argues that his due-process rights were violated because he was mentally incompetent at the time of his hospital arraignment. Defendant is "presumed competent to stand trial unless his mental condition prevents him from understanding the nature and object of the proceedings against him or the court determines he is unable to assist in his defense." *People v Mette*, 243 Mich App 318, 331; 621 NW2d 713 (2000). It is not clear from the record that defendant was in fact mentally incompetent during his arraignment. There is no official determination by the hospital that he was mentally incompetent on the day of the arraignment. In fact, the hospital noted that defendant discussed and understood the risks and benefits of the procedure which occurred during his stay in the hospital, which indicates that defendant was competent.

Further, a trial court is generally not obligated to make a competency determination sua sponte where a defendant does not request a competency hearing or there is not some indication of defendant's inability to understand the trial proceedings or assist in his defense. See *People v Inman*, 54 Mich App 5, 12; 220 NW2d 165 (1974). A trial court is obligated to raise the issue of competency "where facts are brought to its attention which raise a 'bona fide doubt' as to the defendant's competence." *People v Kammeraad*, 307 Mich App 98, 138; 858 NW2d 490 (2014). There is no indication in the record that defendant requested a competency hearing, showed that he was unable to understand the arraignment proceedings, or otherwise brought facts to the trial court's attention that would raise doubts to his competence. Therefore, defendant was not deprived of his due-process rights because of a failure to hold a competency hearing.

The trial court did not abuse its discretion when denying defendant's motion for relief from judgment based on plaintiff's claims relating to his arraignment. Plaintiff has failed to carry his burden to provide a record to us that proves the factual basis for his claims of lack of counsel and incompetency at the arraignment. Further, defendant has failed to show that even if his factual claims were true, he suffered actual prejudice that entitles him to relief under MCR 6.508(D).

## B. JUROR NOTE

Defendant lastly argues that his constitutional right to an appeal was violated by the trial court's failure to preserve a note addressing a potential juror-conflict issue. When the record on appeal is sufficient to allow us to evaluate the appeal, defendant's constitutional right to appeal is satisfied. *People v Craig*, 342 Mich App 217, 227; 994 NW2d 792 (2022). The prosecutor summarized the note on the record which was adequate for the Court's review on direct appeal. Further, defense counsel expressed agreement with the trial court's decision not to pursue the matter.

On appeal from the denial of his motion under MCR 6.502, defendant argues that there is no "automatic assumption" that the missing jury note did not indicate jury conflict. But we are

not automatically assuming that the missing jury note does not provide defendant relief. Based on the prosecutor's summarization of the note, the trial court's resolution of the issue, and defense counsel's lack of objection, the note did not sufficiently convince the parties and the trial court that there was a juror issue. Furthermore, defendant has not shown how he was actually prejudiced by the trial court's failure to include the note in the record such that relief under MCR 6.508(D) is appropriate.

Affirmed.

/s/ Mariam S. Bazzi
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle