## PEOPLE v. HUMMEL

1. APPEAL AND ERROR—CRIMINAL LAW—CONFESSION—VOLUNTARI-
NESS—REVIEW.

   An appellate court reviewing a finding, after an evidentiary
   hearing, that a criminal defendant's confession was voluntary,
   must examine the entire record and make an independent de-
   termination of voluntariness.

2. APPEAL AND ERROR—CRIMINAL LAW—CONFESSIONS—VOLUNTARI-
NESS—REVIEW.

   The independent determination of voluntariness of a criminal
   confession made by an appellate court on the whole record or
   review of an evidentiary hearing to determine voluntariness
   does not differ from the standard of review established by
   court rule, that findings of fact shall not be set aside unless
   clearly erroneous (GCR 1963, 517.1).

3. APPEAL AND ERROR—TRIAL COURT FINDINGS—REVIEW—WITNESSES
—CREDIBILITY.

   The Court of Appeals will defer to a trial judge's findings es-
   pecially where the witnesses' demeanor is important and their
   credibility is a major factor.

4. APPEAL AND ERROR—EVIDENCE—FINDINGS—REVIEW.

   The "clearly erroneous" standard of review of a trial judge's
   findings of fact permits an appellate court to reverse those
   findings, even though there is sufficient evidence in the record
   to lead a reasonable man to the same result, if the appellate
   court is of the definite and firm conviction that a mistake has
   been committed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error § 900.
[3] 29 Am Jur 2d, Evidence § 509.
   Constitutional aspects of procedure for determining voluntariness
   of pretrial confession. 1 ALR3d 1251.
[5, 6, 7] 29 Am Jur 2d, Evidence § 585.

5. CRIMINAL LAW—EVIDENCE—CONFESSIONS—VOLUNTARINESS.

The sole function of a hearing regarding the admissibility of a defendant's confession is to determine its voluntariness and it is improper for a trial judge during that hearing to weigh defendant's credibility in light of his innocence or guilt.

6. CRIMINAL LAW — EVIDENCE — WITNESSES — DEFENDANT — CONFESSIONS — TESTIMONY — NON-WAIVER.

A defendant may testify at an evidentiary hearing to determine the voluntariness of his confession for the limited purpose of making of record his version of the circumstances under which his confession was obtained but, in so testifying, defendant does not waive his right to decline to take the witness stand at his trial in chief nor does he waive any of the other rights stemming from his choice not to testify.

7. CRIMINAL LAW—EVIDENCE—CONFESSIONS—VOLUNTARINESS—SEPARATE HEARING.

Defendant was entitled to refuse to answer trial judge's question as to whether he was guilty of a double homicide during a hearing to determine whether defendant had confessed voluntarily to that crime.

Appeal from Oakland, Arthur E. Moore, J.   Submitted Division 2 May 9, 1968, at Lansing.   (Docket No. 4,324.)   Decided October 1, 1969.

Harold Hummel was convicted of first-degree murder.   Defendant appeals.   Remanded for further evidentiary proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, *Dennis Donohue,* Chief Appellate Counsel, and *Bruce T. Leitman,* Assistant Prosecuting Attorney, for the people.

*Philip G. Ingraham,* for defendant.

Before: LESINSKI, C. J., and QUINN and MOODY,* JJ.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

Moody, J.   On March 2, 1953, the defendant
Harold Hummel was convicted by jury verdict of
the first-degree murders[1] of Joseph Vinokurow and
Vidos Vinokurow.   Certain oral admissions were in-
troduced at trial, as well as a written confession
which was given to the Oakland county prosecutor.

The defendant filed an application for leave to ap-
peal, and this Court granted his motion and re-
manded the case to the Oakland county circuit court
for a *Walker* hearing[2] concerning the voluntariness
of the confessions.   On July 5, 1967, the judge who
conducted the hearing filed an opinion in which
he concluded that the admissions and confessions
were voluntarily made and were properly admitted
into evidence during the defendant's trial.

On this appeal the problem presented is what
standard of review will be used when defendant con-
tests the outcome of a *Walker* hearing.   In *People
v. Walker* (1967), 6 Mich App 600, 602, this Court
stated it would only reverse a finding that the con-
fession was voluntary, if the trial court's finding
was "clearly erroneous".   The reason was based
on an interpretation of GCR 1963, 785.1 and GCR
1963, 517.1.

In two later cases, *People v. Pallister* (1968), 14
Mich App 139, 141, and *People v. Summers* (1968),
15 Mich App 346, 348, the Court stated it must " 'ex-
amine the entire record and make an independent
determination of the ultimate issue of voluntari-
ness' ".   While this may appear to differ from the
"clearly erroneous" test, in fact they are the same.
The relation between the two verbal formulations
is made quite clear in 2 Honigman & Hawkins, Mich-
igan Court Rules Annotated, (2d ed), Rule 517,
where the authors note at p 596:

---

1 CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548).
2 *People v. Walker* (On Rehearing, 1965), 374 Mich 331.

"Formerly in chancery cases, although it was commonly said that issues of fact were tried *de novo* on appeal or that the Supreme Court must weigh the evidence and reach an independent conclusion on review of the facts, this did not mean that the findings of the trial judge were entitled to no consideration. Notwithstanding the right and duty of the Supreme Court to make its independent evaluation of the evidence, it would not set aside the findings of the trial judge unless it was convinced that a clear showing of error had been made. Running through the opinions are phrases such as 'clear error', 'manifest error', 'palpably erroneous'. See MLP, Appeal, § 382 and Michigan decisions *infra*. Especially when there was a sharp conflict in the evidence, the reviewing court would not disturb the trial court's determination of fact questions, unless it was clear that a wrong conclusion had been reached. The Supreme Court was most reluctant to disturb the findings of a trial judge based on credibility, since the trial judge, as the trier of facts, had the advantage of observing the witness.

"Thus it is clear that Rule 517 accurately restates former practice in the review of chancery cases in Michigan, although the language itself is borrowed from Federal Rule 52. The most frequently quoted explanation of the 'clearly erroneous' standard in Federal Rule 52(a) is contained in *United States* v. *United States Gypsum Co.* (1948), 333 US 364, 395 (68 S Ct 525, 542, 92 L Ed 746), *reh. den.* 333 US 869 (68 S Ct 788, 92 L Ed 1147):

" 'Since judicial review of findings of trial courts does not have the statutory or constitutional limitations of findings by administrative agencies or by a jury, this Court may reverse findings of fact by a trial court where "clearly erroneous". The practice in equity prior to the present rules of civil procedure was that the findings of the trial court, when dependent upon oral testimony where the candor and credibility of the witnesses would best be judged, had

great weight with the appellate court. The findings were never conclusive, however. A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " (See *People* v. *Summers* at p 348.)

Thus, this Court will give deference to trial courts' findings, especially where the demeanor of the witnesses is important, as where credibility is a major factor. However, while the trial court's findings will guide us, we are not bound by them.[3]

It is apparent that the Court in *Pallister* and *Summers* was applying the "clearly erroneous" standard as set forth above. In *Pallister* the Court wrote, beginning at p 141: "We are left with the 'definite and firm conviction' the trial judge erred * * * and, accordingly, have concluded that the trial judge's finding of voluntariness was clearly erroneous." And in *Summers* at p 356 it was concluded: "we are convinced that the confession * * * was involuntary".

Defendant appeals, claiming the trial court erred in finding upon conclusion of the evidentiary hearing that his statements and confessions were freely and voluntarily made. This Court takes the view, however, that the dispositive issue is whether the judge who presided over the *Walker* hearing used the proper standard in judging defendant's credibility.

The transcript shows that the judge asked Hummel whether he was guilty of the murders. Hummel re-

---

[3] This, of course, is a significantly different test than the standard of review of a jury's finding. A jury's finding of fact will be affirmed if there is sufficient evidence to lead a reasonable man to come to the same conclusion. Under the "clearly erroneous" standard, however, a trial judge can be reversed even though there was sufficient evidence to lead a reasonable man to the same result, if we are of "the definite and firm conviction that a mistake has been committed".

fused to answer and the trial judge made the following statement:

"*The Court:* Let me say this to you, Mr. Hummel, I am aware of the fact that your refusal to answer this question will be contempt of court, and I am also aware of the fact that there is no punishment which I could administer to one in your position at the present time to enforce your compliance with the court order, or to aid you in purging yourself of contempt. So I will not repeat the question further unless you choose to answer it voluntarily as I have directed you. But I will say this to you and I think you should know it, if you choose not to follow the instructions of the court, if you choose not to answer the question after I have told you that your action would be contemptuous, then I will have to consider this as going to the credibility of your entire testimony today, for when a witness is unwilling to testify and flouts the direction of the court, this impenges [*sic*] upon the credibility of that witness in my judgment."

It is our view that the sole function of a *Walker* hearing is to determine the voluntariness of a confession, and it is improper to weigh defendant's credibility in light of his innocence or guilt. This follows from the language of *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331, 338, which construed *Jackson* v. *Denno* (1964), 378 US 368 (84 S Ct 1774, 12 L Ed 2d 908), as follows:

"We therefore release our jursdiction of the cause and direct the recorder's court to assume jurisdiction to make a determination upon a separate record upon the issue of the voluntariness of the confession only. At this hearing, we hold the defendant may take the stand and testify for the limited purpose of making of record his version of the facts and circumstances under which the confession was obtained. We hold further that by so doing defendant does

not waive his right to decline to take the stand on trial in chief, if retrial is ordered. Neither does he waive any of the other rights stemming from his choice not to testify. This we believe comports with the apparent intention of *Jackson, supra,* to require the issue of the voluntariness of a confession to be determined completely apart from and independent of the consideration of that issue by the jury which is considering guilt or innocence under established procedures."

It was error for the trial judge to allow the issue of guilt to enter into the evidentiary hearing on the issue of voluntariness of the defendant's statements and confessions. In view of the fact that credibility of the defendant is of great importance at such a hearing and an improper standard was employed in judging defendant's credibility, we hereby remand the cause to the trial court for a new evidentiary hearing on the issues as previously ordered.

It might be argued that in the course of our independent determination we can ignore the errors made below, thus making a new *Walker* hearing unnecessary. However, since we are guided by the findings of the trial court, we should have an opinion by it before us which is based on a hearing free of substantial error.

Under the circumstances of this case we deem it advisable that some other judge of this multi-judge circuit conduct the rehearing. It is ordered that the presiding judge of the circuit designate the judge for the rehearing.

Remanded for proceedings consistent with this opinion. We retain no further jurisdiction in this cause.

All concurred.