PEOPLE v. BRITT

CRIMINAL LAW—DEFENDANT'S ADMISSIONS—INADMISSIBLE STATEMENT—NONJURY TRIAL.

A new trial was not necessary even though the trial judge, who sat as trier of fact, learned of admissions while presiding over a hearing into the admissibility of the statements and the statements were later, by stipulation of the prosecutor, deemed inadmissible where the findings of the trial judge following trial show that he would have reached the same result had he not been made aware of the defendant's statements.

Appeal from Otsego, Paul R. Mahinske, J. Submitted Division 3 November 2, 1971, at Grand Rap-

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur 2d, New Trial § 115.

ids, (Docket Nos. 11664, 11665.) Decided November 23, 1971. Leave to appeal denied, 387 Mich 752.

Freddie Lou Britt was convicted of gross indecency. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Randall M. O'Rourke,* Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for defendant on appeal.

Before: R. B. BURNS, P. J., and LEVIN and T. M. BURNS, JJ.

LEVIN, J. The defendant was convicted by a judge sitting without a jury of committing an act of gross indecency with each of two other male persons. MCLA 750.338; MSA 28.570.

During the trial a *Walker*[1] hearing was held to determine the admissibility of a statement allegedly made by the defendant to a police officer. During the hearing the officer testified that the defendant admitted that he had orally manipulated two young boys sexually. At the conclusion of the hearing and before the judge ruled, the prosecutor stipulated that any admissions made by the defendant to the police would be disregarded and the judge agreed. He added that, "the admission will be stricken".

On appeal the defendant contends that he was deprived of a fair trial because during the course of the *Walker* hearing there was brought to the attention of the judge, who sat as trier of fact, evidence—the admission attributed to the defendant—which

---

[1] *People v Walker,* 374 Mich 331 (on rehearing, 1965).

was not admissible against him. No objection was made by the defendant's trial lawyer either to the police officer revealing the nature of the admission during the course of the *Walker* hearing or to the judge continuing to act after the admission was stricken.

We recognize that it would be desirable if a judge conducting a *Walker* hearing concerning the admissibility of a statement did not learn the nature of the statement until after he had made his decision on the issues of voluntariness and admissibility, so that his decision on those issues is not subconsciously influenced by knowledge of admissions made in the statement. However, we can visualize situations where, because of the defendant's testimony or other evidence at the *Walker* hearing, it may become necessary for the people to introduce inculpatory aspects of the statement in rebuttal.

Focusing more closely on the facts of this case, we do not think we would be justified in laying down an absolute rule that when a trial judge, sitting as trier of fact, becomes aware of evidence inadmissible against the defendant he must disqualify himself and the case must be tried by some other judge.[2]

Where another judge is available, it might be desirable to have him try the case. But the circuit judge who sat in this case sits in a one-judge circuit. If an absolute rule is to be laid down prohibiting a judge who hears an admission from trying the case, the Supreme Court will have to declare that rule as

---

[2] See McCormick, Evidence, § 60, p 137; 5 CJS, Appeal & Error, § 1564(5), p 1270 *et seq.; Jones v Jones*, 325 Mich 671, 680 (1949). But see *State v Miller*, 64 NJ Super 262, 266; 165 A2d 829, 831 (1960); *People v Eglar*, 19 Mich App 563 (1969); *People v Harvey*, 13 Mich App 211 (1968); *People v Ramsey*, 385 Mich 221, 225, 229 (1971); *People v Frazier Walker*, 385 Mich 596 (1971), *aff'g and adopting the opinion of our Court in the same case*, 24 Mich App 360 (1970); Note, Improper Evidence in Nonjury Trials: Basis for Reversal?, 79 Harv L Rev 407, 409, 415 (1965).

it requires a reallocation of judicial resources within the supervisory control of the Supreme Court.

In this case a new trial is not justified. We are satisfied from the judge's remarks stating his findings following the conclusion of the trial that he would have reached the same result even if he had not learned of the admission. The two boys, one 10 and the other 12 years of age, for whom the defendant had been acting as a babysitter, testified that over a period of time ending on June 18 the defendant played with and sucked their penises. The father of the boys testified that the defendant later apologized for what he had done. The defendant did not take the stand in his own behalf. The judge stated he believed the testimony of the witnesses for the people. We have no reason to conclude that the defendant's conviction is traceable to the judge's knowledge of the admission attributed to the defendant.

Nor is the defendant entitled to a new trial because the information charged that the prohibited acts occurred during the period May 25 through June 6 and it was brought out at the trial (without objection) that the last act occurred on June 18. It appeared from the people's evidence that similar acts had occurred eight to ten times before in the case of each boy. See *People* v. *Heiss,* 30 Mich App 126, 131 (1971). No limiting instructions were required in this case as the judge sat without a jury.

Affirmed.