PEOPLE v GILBERT

OPINION OF THE COURT

1. CRIMINAL LAW—CONFESSIONS—VOLUNTARINESS—HEARING—FIND-
INGS—APPEAL AND ERROR.

The findings of a trial court in a hearing to determine the
voluntariness of a confession will be reversed upon appeal only
if they are clearly erroneous.

2. CRIMINAL LAW—EVIDENCE—CONFESSIONS—VOLUNTARINESS—CREDI-
BILITY.

A confession properly admitted into evidence is on an equal
footing with all other properly admitted evidence, and the
defendant is free to familiarize the jury with the circumstances
that attended the taking of his confession, including facts
bearing on voluntariness, to impeach its credibility, or to
challenge the fact that it was ever given at all.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—CONFESSIONS—PRETRIAL
HEARING—VOLUNTARINESS—JURY—PROVINCE OF JURY.

Informing a jury of the existence, nature, and results of a pretrial
hearing to determine the voluntariness and admissibility of a
defendant's confession improperly impinges upon the province
of the jury; such information makes it unlikely that the jury
will thereafter decide that the confession was never made and
tends to unfairly discount the credibility of the defendant's
impeaching evidence, especially that properly admitted evi-
dence which relates to voluntariness.

4. HOMICIDE—MURDER—GENERAL VERDICT—PREMEDITATED MURDER—
FELONY MURDER.

A defendant's conviction of first-degree murder in a general
verdict must be reversed where the jury was instructed upon

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 29 Am Jur 2d, Evidence §§ 523–596.

[3, 5] 29 Am Jur 2d, Evidence § 584.

[4] 53 Am Jur, Trial §§ 286, 290, 627.

[6–9] 30 Am Jur 2d, Evidence §§ 1140–1142.

[10] 53 Am Jur, Trial §§ 1005, 1035–1062.

both premeditated and felony murder theories but the felony murder theory was proved only by the defendant's confession and was therefore not sufficiently established, because a conviction must be reversed where it rests upon one of the two theories, one of which is permissible and one of which is not, and it is not possible to say for sure upon which theory the conviction rests (MCLA 750.316).

CONCURRENCE IN PART, DISSENT IN PART, BY O'HARA, J.

5. CRIMINAL LAW—CONFESSIONS—PRETRIAL HEARING—INSTRUCTIONS TO JURY—EVIDENCE.

*It is proper for a trial judge to inform the jury of a pretrial hearing to determine the voluntariness and admissibility of a confession where the defense has challenged the credibility of the confession by attempting to introduce evidence bearing on its voluntariness.*

6. CRIMINAL LAW—CONFESSIONS—CORPUS DELICTI—INCULPATORY STATEMENTS OF FACT.

*The corpus delicti was proved by more than the accused's naked confession where there was sufficient other evidence in the several statements that the accused made to the police regarding the crime which were simple statements of fact that may have had inculpatory overtones but were far short of a confession.*

7. CRIMINAL LAW—CONFESSIONS—ADMISSIBILITY.

*A confession itself becomes admissible when there is any evidence of the corpus delicti dehors the confession.*

8. HOMICIDE—MURDER—CORPUS DELICTI—EVIDENCE—CIRCUMSTANTIAL EVIDENCE—INFERENCES.

*The corpus delicti refers to the crime, not to the accused perpetrator, and proof of the identity of the perpetrator of the crime is not a part of the corpus delicti; therefore, in a murder case, the corpus delicti was sufficiently established where the evidence consisted of the identification of two dead bodies riddled by gunshots, bits of glass which matched the broken headlights of the car abandoned by the accused, and testimony of a witness who saw two men running near the house where the bodies were found and who saw them leaving in the car which was later found and identified as the car involved; the corpus delicti may be established by circumstantial evidence and reasonable inferences.*

9. CRIMINAL LAW—EVIDENCE—CIRCUMSTANTIAL EVIDENCE—CORPUS
DELICTI—ORDER OF PROOF.

*It is not necessary to prove the corpus delicti beyond a reasonable doubt before proof is admissible tending to connect the accused with the crime where the same set of facts, in a case of circumstantial evidence, tends to connect the defendant with the commission of the crime and to prove the corpus delicti.*

10. CRIMINAL LAW—JURY—VERDICTS—GENERAL VERDICTS—FORM OF
VERDICTS.

*A jury in a criminal case has the right to return a general verdict on the merits, and there is no authority which holds that, when the case is submitted to the jury on two theories, the form of the verdict must specify upon which theory the jury based the verdict.*

Appeal from Ingham, Jack W. Warren, J. Submitted Division 2 June 4, 1974, at Lansing. (Docket No. 15536.) Decided August 27, 1974. Leave to appeal denied, 393 Mich —.

Wayne Gilbert, Jr., was convicted of first-degree murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *Corbin R. Davis,* Assistant Prosecuting Attorney, for the people.

*Stiles, Fowler & Dudley, P. C.,* for defendant.

Before: MCGREGOR, P. J., and R. B. BURNS and O'HARA,* JJ.

R. B. BURNS, J. Defendant Wayne Gilbert, Jr. was convicted for the first-degree murders of Ruth Parrish and Debbie Ann Berger. He appeals.

The first ground for defendant's appeal is that the trial court erroneously failed to suppress the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

defendant's confession. Defendant was arrested in Wisconsin. Defendant claims that while in the custody of the Wisconsin authorities he was forced to confess as a result of coercive tactics such as sleep deprivation, food deprivation, improper advice of his rights, isolation, and other intimidation. Because he had given such a confession to the Wisconsin authorities defendant gave an ostensibly admissible confession to the Michigan authorities, who were kept unaware of the improprieties, when they arrived to extradict him. Pursuant to *People v Walker,* 374 Mich 331; 132 NW2d 87 (1965), a suppression hearing was held on the matter. The trial court found that the confessions were voluntarily made. The findings of a trial court in a *Walker* hearing will only be reversed on appeal if they are clearly erroneous. *People v Hummel,* 19 Mich App 266; 172 NW2d 550 (1969), and *People v Toneff,* 37 Mich App 221; 194 NW2d 390 (1971). A review of the record fails to substantiate any claim that the trial court's determination was clearly erroneous.

Defendant also challenges the propriety of the trial court's jury instructions. After the defendant's confession had been admitted into evidence before the jury, defense counsel attempted to impeach its credibility by producing evidence that touched upon its voluntariness, as well. As a result, the trial court instructed the jury that a *Walker* hearing had been held, that the defendant's confession was held to have been voluntarily given, and that the jury's determinations were limited to assigning the proper weight and credibility to the statements. Defense counsel timely objected to the instruction. Thus, the issue is preserved. GCR 1963, 516.2.

The court said:

"All right, ladies of the jury. Ladies of the jury, I want to make abundantly clear to you something which I instructed you upon prior to your being excused momentarily. I discussed with you the matter of what happens where a defendant makes a confession or an admission against interest. And I indicated to you * * * the defendant is entitled to a * * * hearing in advance of the trial * * * before the judge on a separate record. The judge determines whether or not that confession * * * [was] voluntarily made. If they were voluntarily made, * * * if the judge looks at the duration and conditions of detention, the attitude of the police officers, the physical, mental state of the accused, the diverse pressures that might sap the accused's strength and so forth; if the judge declares, or, determines * * * that the confession * * * was voluntarily given to the police in this case, he then on the record indicates that this confession * * * shall be admissible in evidence.

* * *

"Now, in this case I have made such a determination, that that could come before you, was voluntarily made, so far as any conduct of the police officers were [sic] concerned. It is for you the jury to consider and determine the weight and credibility of that confession * * * ."

The purpose of the suppression hearing was to determine the admissibility of defendant's confession as evidence. A resolution in favor of admissibility merely placed the confession on an equal footing with all other properly admitted evidence. Defendant is as free as he was before the *Walker* hearing to familiarize the jury with the circumstances that attended the taking of his confession, including facts bearing on voluntariness, to impeach its credibility or to challenge the fact that it was ever given at all. *Lego v Twomey,* 404 US 477, 485–486; 92 S Ct 619, 625; 30 L Ed 2d 618, 625 (1971). After such evidence has been admitted, the trial judge may instruct the jury that they should

determine, on the basis of all the relevant evidence, 1) if the confession was made, and 2) if they so find, they should decide if the statement is true. *People v Williams,* 46 Mich App 165; 207 NW2d 480 (1973).

The trial court should not, as happened in this case, go on to discuss anything more. For, to inform the jury of the existence, nature, and results of a *Walker* hearing not only makes it unlikely that the jury will thereafter decide the confession was never made, *Williams, supra,* but it also tends to unfairly discount the credibility of defendant's impeaching evidence, especially that properly admitted evidence that relates to voluntariness. The trial court thus would improperly impinge upon the province of the jury.

Michigan has long recognized the critical role confessions play in criminal trials. *People v Summers,* 15 Mich App 346; 166 NW2d 672 (1968). A properly preserved error that crippled the defendant's ability to challenge a confession cannot, in light of this precedent, be deemed harmless.

To avoid repetitious appeals, we will also consider the defendant's third ground for appeal. Defendant was charged on an open count of murder. At trial, evidence was produced to support both premeditated and felony murder theories. However, the only evidence bearing on the felony murder theory was defendant's confession itself. The jury was instructed on both theories, and defendant was found guilty of first-degree murder in a general verdict. While there is some evidence strongly suggesting the jury relied on a felony murder theory, there is no definite proof showing whether the jury relied on either or both theories to reach the verdict. The corpus delicti must be established by evidence other than the accused's

confession. *People v Allen,* 390 Mich 383; 212
NW2d 21 (1973), and *People v Sparks,* 53 Mich
App 452; 220 NW2d 153 (1974). With only a confes-
sion to prove it, the felony murder theory was not
sufficiently established in this case. When the
defendant stands convicted on one of two theories,
one of which is permissible and one of which is
not, the inability to say for sure on which the
conviction rests demands reversal. *Stromberg v
California,* 283 US 359; 51 S Ct 532; 75 L Ed 1117
(1931), *People v Purifoy,* 34 Mich App 318; 191
NW2d 63 (1971), and.*People v Davenport,* 39 Mich
App 252; 197 NW2d 521 (1972).

Reversed and remanded for a new trial.

MCGREGOR, P. J., concurred.

O'HARA, J. *(concurring in part, dissenting in
part).* My colleagues have made decisional holdings
on three issues. With one I agree. With the other
two I am in disagreement.

I am of necessity going to add factual back-
ground to my opinion because discussion of legal
questions in the sterility of abstract theories very
often, in my view, can lead to the omission of facts
that materially affect an application of what other-
wise might be an acceptable statement of a legal
principle.

The first point made by the majority is that the
finding of a trial judge in a *Walker*[1] hearing will
not be reversed unless clearly erroneous. I agree
that this is a correct principle of law.

The second issue discussed by the majority is:
Was it reversible error for the trial judge to
charge the jury as hereinafter quoted since defense

---

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87
(1965).

counsel challenged the credibility of defendant's confession by attempting to introduce evidence that went to the question of its voluntariness. The court included the following excerpt in his charge to the jury:

"All right, ladies of the jury. Ladies of the jury, I want to make abundantly clear to you something which I instructed you upon prior to your being excused momentarily. I discussed with you the matter of what happens where a defendant makes a confession or an admission against interest. And I indicated to you * * * the defendant is entitled to a * * * hearing in advance of the trial * * * before the judge on a separate record. The judge determines whether or not that confession * * * [was] voluntarily made. If they were voluntarily made, * * * if the judge looks at the duration and conditions of detention, the attitude of the police officers, the physical, mental state of the accused, the diverse pressures that might sap the accused's strength and so forth; if the judge declares, or, determines * * * that the confession * * * was voluntarily given to the police in this case, he then on the record indicates that this confession * * * shall be admissible in evidence.

* * *

"Now, in this case, I have made such a determination, that that could come before you, was voluntarily made, so far as any conduct of the police officers were [sic] concerned. It is for you the jury to consider and determine the weight and credibility of that confession * * *."

There was no error in this instruction. Under the circumstances of the record he could not leave the jury without any explanation of why it could not consider the issue. He did it fairly to the prosecution and the defendant. He followed with precision the rule permitted to the states by *Jackson v Denno,* 378 US 368; 84 S Ct 1774; 12 L Ed 2d 908; 1 ALR 3d 1205 (1964), and adopted by this

state in *People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965).

I am not clear for what purpose the majority cites *Lego v Twomey*, 404 US 477; 92 S Ct 619; 30 L Ed 2d 618 (1971). All *Lego* did was reaffirm what the Supreme Court said in *Jackson, supra* and reemphasize it.

"We also reject petitioner's final contention that, even though the trial judge ruled on his coercion claim, he was entitled to have the jury decide the claim anew. To the extent this argument asserts that the judge's determination was insufficiently reliable, it is no more persuasive than petitioner's other contentions. To the extent the position assumes that a jury is better suited than a judge to determine voluntariness, it questions the basic assumptions of *Jackson v Denno [supra]*; it also ignores that *Jackson* neither raised any question about the constitutional validity of the so-called orthodox rule for judging the admissibility of confessions nor even suggested that the constitution requires submission of voluntariness claims to a jury as well as a judge. Finally, *Duncan v Louisiana,* 391 US 145; 88 S Ct 1444; 20 L Ed 2d 491 (1968), which made the Sixth Amendment right to trial by jury applicable to the states, did not purport to change the normal rule that the admissibility of evidence is a question for the court rather than the jury. Nor did that decision require that both judge and jury pass upon the admissibility of evidence when constitutional grounds are asserted for excluding it. We are not disposed to impose as a constitutional requirement a procedure we have found wanting merely to afford petitioner a second forum for litigating his claim." 404 US at 489–490; 92 S Ct at 627; 30 L Ed 2d at 627–628.

If the citation is in support of the error the majority held was present in the trial judge's charge, it seems to me it not only doesn't support it, rather it reaffirms on the highest constitutional

authority exactly what the trial court stated in his instruction.

It is true that some passing reference to a "better practice" is made in *People v Williams,* 46 Mich App 165, 170; 207 NW2d 480, 483 (1973). It was, however, far from a decisional holding. Failure to comport with the suggestion cannot possibly be stretched into reversible error.

I feel obliged to address myself to the following language of the majority:

"Defendant was charged on an open count of murder. At trial, evidence was produced to support both premeditated and felony murder theories. However, the only evidence bearing on the felony murder theory was defendant's confession, itself. The jury was instructed on both theories, and defendant was found guilty of first-degree murder in a general verdict. While there is some evidence strongly suggesting the jury relied on a felony murder theory, there is no definite proof showing whether the jury relied on either or both theories to reach the verdict. The *corpus delicti* must be established by evidence other than the accused's confession. *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973), and *People v Sparks,* 53 Mich App 452; 220 NW2d 153 (1974). With only a confession to prove it, the felony murder theory was not sufficiently established in this case. When the defendant stands convicted on one of two theories, one of which is permissible and one which is not, the inability to say for sure on which the conviction rests demands reversal."

No one in the judicial system, I suppose, disagrees that it is settled law that the corpus delicti of the charged crime must be proved by evidence other than by the accused's naked confession, but I am puzzled by the placement of the reference to the failure of proof of the corpus delicti in the whole excerpt.

The balance of the quote seems to raise three

separate issues. First, that the corpus delicti was not proved dehors the accused's confession. To this I reply the majority fails to make the essential distinction between a confession and statements of fact that may have inculpatory overtones. As our Supreme Court has said:

"Defendant does not distinguish between confessions and admissions of fact. If the fact admitted necessarily amounts to a confession of guilt, it is a confession. If, however, the fact admitted does not of itself show guilt but needs proof of other facts, which are not admitted by the accused, in order to show guilt, it is not a confession but an admission and, therefore, is not within the range of cases cited." *People v Porter,* 269 Mich 284, 290; 257 NW 705, 707 (1934).

Much of what was told by the accused to both the Michigan and Wisconsin police were simple statements of fact far short of a confession to first-degree murder.

The second point in the third division of the majority opinion seems to me to relate to the sufficiency of proof of the corpus delicti. If so, I am at complete variance with my colleagues. For a half century our Supreme Court has recognized the rule that:

"Where there is *any* evidence of the *corpus delicti* dehors the confessions, the confessions themselves become admissible." (Citations omitted.) *People v Lapidus,* 167 Mich 53, 56; 132 NW 470, 471 (1911).[2] (Emphasis supplied.)

As late as *People v Allen,* 39 Mich App 483, 494; 197 NW2d 874, 880 (1972), Judge (now Justice)

---

[2] Overruled on other grounds in *People v Kirby,* 223 Mich 440, 452; 194 NW 142, 146 (1923).

LEVIN commented in a dissenting opinion subsequently adopted by the Supreme Court:[3]

"The *corpus delicti* may, of course, be established by circumstantial evidence and *reasonable inferences.*" (Emphasis supplied.)

Completely unrelated to the confession the prosecution introduced evidence consisting of: the identification of two dead bodies riddled by gunshots that could not possibly have been self-inflicted; bits of glass which matched that of the broken headlights of the car the accused had abandoned in Chicago; testimony of a witness that two young men were running in a suspicious manner near the house where the bodies were found and then "peeling" in a blue Chevrolet. The blue Chevrolet was later found and identified as the car involved. Short of an invitation to someone to witness the execution I don't know what more was needed or could be supplied by the prosecution. It is well to remember that the corpus delicti refers to the crime, not to the accused perpetrator thereof.

"The *corpus delicti* may be established by showing that a crime has been committed or by showing an act and that it was committed by a criminal agency. Proof of the identity of the perpetrator of the act or crime is not a part of the *corpus delicti.*" *United States v Di Orio,* 150 F2d 938, 939 (CA 3, 1945), *cert den,* 326 US 771; 66 S Ct 175; 90 L Ed 465 (1945).

If the majority questions the order of proof, I call attention to this Supreme Court holding:

"Complaint is made as to the order of proof. It is urged by the defendant that testimony as to other material and relevant facts was received before the *corpus delicti* had been proven. An examination of the

[3] 390 Mich 383; 212 NW2d 21 (1973).

record clearly discloses that the objection on this ground was properly overruled because proof of the *corpus delicti* had been presented prior to the time this objection was made. *And further, it is not necessary that the corpus delicti should be established beyond a reasonable doubt before proof is admissible tending to connect the accused with the offense. People v Trine,* 164 Mich 1; 129 NW 3 (1910)." *People v Gerndt,* 244 Mich 622, 633; 222 NW 185, 189 (1928). (Emphasis supplied.)

We should also heed these modifying words of the Supreme Court bearing on the general rule of the order of proof:

"We think, however, that trial courts cannot be too particular in following the wholesome general rule that in such cases it is necessary to prove the *corpus delicti* first. *That there are exceptions where the same set of facts, in cases of circumstantial evidence, tend to connect the defendant with the commission of the crime, and also at the same time to prove the corpus delicti has been held, and the rule has been somewhat relaxed in such cases." People v Jackzo,* 206 Mich 183, 190; 172 NW 557, 559 (1919). (Emphasis supplied.)

Such is the precise situation in this case in the conversations between the accused and the Michigan and Wisconsin police officers wherein fact statements concerning a proposed kidnapping were voluntarily made.

The last postulate I gather the majority advances is that a "general" verdict was rendered. While the case went to the jury on two theories, I do not know the authority for the majority's statement that the jury was required to return a verdict which in effect said "We find you guilty of first-degree murder in that you did murder the deceased while perpetrating or attempting to perpetrate the offense of arson, or rape or robbery or

any other one of the specified felonies".[4] Or alternatively, "We find you guilty of a wilful, deliberate and premeditated killing". In fact the only law on the subject I can find is to the exact contrary. Again I quote the Supreme Court:

> "One of the substantial elements of the constitutional right to trial by jury is *the right of the jury, in criminal cases, to give a general verdict on the merits.*" (Citations omitted.) *People v Clark,* 295 Mich 704, 707; 295 NW 370, 371 (1940). (Emphasis supplied.)

The jury knew exactly what the issue was as evidenced by the quoted question asked of the trial judge during their deliberations:

> "*Juror Greenless:* Yes, your Honor. The question has been brought up as maybe if you would define murder in the first degree again.
> "The part about premeditation, the part that perhaps I think you'll have to go into kidnapping along with it."

Since the majority write to the point of avoiding "repetitious appeals", I feel free to add additional material that I think should be available to the Supreme Court decisionally in the event leave to appeal is sought and granted.

Part of the record in the court below consists of six exhibits of media reporting of the crime. Five are Lansing newspaper articles, one is a transcript of the sound track on telecasts. They were introduced in support of a motion for a change of venue. The coverage area of both media is described.

To say the event commanded prime and continued coverage is a gross understatement. The change of venue was granted. The case was tried

---

[4] The statute under which defendant was charged is MCLA 750.316; MSA 28.548.

in one of the northernmost counties of the Lower Peninsula, out of the normal range of the circulation and viewing area of both media.

The trial transcript proper is 748 pages. The *Walker* hearing is 182 pages. The change of venue motion and attendant exhibits are almost as large in size as the *Walker* hearing transcript.

After studying them all with extreme care, I have serious doubts that the issue of the admissibility of a "confession" in the full legal sense of the word is even present in this case. There was no written confession. There is a plethora of fact statements by defendant, not one of which, nor all of which in combination, contains a confession containing an admission of all the elements of first-degree murder, either by reason of being committed in the perpetration or attempt to perpetrate a felony or by being committed wilfully, deliberately and with premeditation, thus qualifying the admissions as a confession.

From the evidence to which I earlier alluded together with *statements* made by the defendant there was more than ample proof of the corpus delicti of both theories upon which the case was submitted to the jury.

The trial judge in his rulings on objections was incisive but never curt or partial. His charge was crystal clear and legally correct. He submitted the case on the alternative theories of the prosecution and was meticulous in explaining the elements of each. That the jury understood them is attested to by the question of one of the members to the court which I quoted earlier herein and also by the form of the verdict rendered.

I quote it in its entirety:

"Our verdict on the charge of murder of Mrs. Ruth

Parrish is guilty in the first degree. Our verdict on the murder of Debbie Berger is murder in the first degree."[5]

All of this carnage—and I think of no other word for it—because Debbie Berger was pregnant by the defendant and he planned to force her and her mother to go to Chicago to submit to an abortion on Debbie.

These two killings were brutal and shocking.

Even so defendant had sacred constitutional protections in a criminal prosecution. However, society has concomitant rights. As I read this record, line by line, I conclude that the correlative rights of both were strictly observed.

The defendant had a fair trial before an impartial jury. He was ably defended by skilled and experienced counsel. What more can be asked of our system?

I vote to affirm.

---

[5] For example compare with *People v Dupuis,* 371 Mich 395; 124 NW2d 242 (1963).